## ZUMPFE *v.* GENTRY.

[No. 18,633.   Filed October 11, 1899.]

CONSTITUTIONAL LAW.— *Chattel  Mortgages.— Household  Goods.—* §§1 and 2 of the act of March 8, 1897, (Acts 1897 p. 271), providing that a stipulation in a mortgage of household goods, giving the mortgagee the power to sell the mortgaged property, shall be void, and requiring that a sale of such property to satisfy the mortgage thereon shall be under a judicial proceeding, and providing that the mortgagee shall not be entitled to possession of the property, unless, in accordance with the terms of the mortgage, he takes actual possession of the property at the time of the execution of such mortgage, are not unconstitutional, as granting to the owners of household goods special privileges and immunities.   *pp 219-224.*

RELEASE.—*Chattel  Mortgage.—Household  Goods.—Receipt  for  Payments.—Waiver of Statutory Right.*—The protection granted to a mortgagor of household goods by §3 of the act of March 8, 1897, (Acts 1897, p. 271) which section makes it the duty of the mortgagee of such property to execute a receipt to the mortgagor for all payments, and invalidates the mortgage for the failure to give such receipts, cannot be waived by the mortgagor; since such waiver would be contrary to public policy   *pp. 225, 226.*

From the Wayne Circuit Court.   *Affirmed.*

*Charles E. Averill,* for appellant.

DOWLING, J.—This action was brought by the appellant to recover from the appellee certain personal property, described as one square Dunham piano and stool, one office chair, and one oak center table, the right to the immediate possession of which was claimed by the appellant.   The complaint was in the usual form, and was verified.   The record states that the general denial was withdrawn, and that an answer in three paragraphs was filed, but the first paragraph, if filed at all, is not in the record.   The second and the third paragraphs were special pleas.   Demurrers to the second and third paragraphs of the answer having been overruled, the appellant filed his reply in two paragraphs, the first being a general denial of both special answers.   To the second of

these, a demurrer was sustained.  Thereupon the court rendered the following judgment:   "Being sufficiently advised in the premises, the court sustains said demurrer, and plaintiff excepts.   Said plaintiff failing and refusing to plead further herein, the court, on motion of defendant, renders judgment upon the demurrer filed herein.  It is therefore considered and adjudged by the court, that said defendant do recover of said plaintiff the costs and charges by him about this suit laid out and expended."   No objection is made to the form of the judgment.

The only errors assigned are the rulings of the court on the several demurrers.

The second paragraph of the answer alleged that the appellee was the owner of the property mentioned in the complaint; that on the 20th day of April, 1897, he executed to appellant a mortgage on the same to secure a loan then made to him; that at the time of the execution of such mortgage, and at the time of the commencement of the suit, all of said property was a part of the household goods and furniture belonging to the appellee, and used by him in his dwelling house.   That the only claim of the appellant to the said property arose out of the terms and conditions of the said mortgage; that said mortgage contained the following clause: "That in case said party shall make default of any of the foregoing conditions, or if said second party shall at any time feel insecure or unsafe, or shall have fear of diminution, removal, or waste of the said property, or if the said first party shall in any manner be deprived of the possession of the said property, or any part thereof, then, or in either or any of the said cases, all of said sum of money shall at once become due and payable, anything in the note or mortgage notwithstanding; and the said second party shall then have the right to take immediate and unconditional possession of the said property, or any part thereof, for his own use forever; and said second party shall then, thereupon, have the right to sell such property, or any part thereof, in bulk or in parcels, at

Zumpfe *v.* Gentry.

private sale, for cash, or upon credit, upon public auction, to the highest bidder, after having given ten days notice of the time and place of sale by notice posted in three public places in the vicinity of such sale." That said clause in said chattel mortgage is null and void, and gives plaintiff no right of possession.

The third paragraph contains, substantially, the same averments as the second, with the additional allegations that on the 3rd day of May, 1897, the appellee paid to the agent of appellant $5 on account of the mortgage debt, and that he failed, neglected, and refused to execute to the appellee a receipt for said sum so paid, showing the date and amount of the loan secured by such mortgage, the amount of money actually paid to the mortgagor on such loan, the amount of money charged by the mortgagee or agent for services and expenses connected with the said loan, the amount of the payment received, and how applied, and the amount yet unpaid on the said loan, and when it would be due. By reason of the facts so alleged, it was claimed that the mortgage held by appellant was void.

The defenses set up in the second and third answers are founded upon the provisions of an act of the legislature of this State entitled, "An act concerning mortgages on household goods, defining rights and duties of the parties thereunder, and the remedy for enforcing same, and declaring an emergency," approved March 8, 1897. Acts 1897, p. 271, Burns Supp. §7494a.

The first section of this act declares that no mortgage of household goods, executed after the taking effect of the act, shall authorize the mortgagee to sell such property, and that any provision in the mortgage giving the mortgagee such power of sale shall be void. It further provides that every sale of household goods to satisfy a mortgage thereon shall be under a judicial proceeding in which such mortgage shall be foreclosed in the circuit or superior court.

The other two sections of the act are in these words: "Section 2. The mortgagee of household goods shall not be entitled to the possession of the mortgaged property unless the mortgage specially provides that the mortgagee shall have possession of the mortgaged property from the time the mortgage is executed until sale, as provided in this act, and the mortgagee takes actual possession of such property when the mortgage is executed, and holds it continuously until sale. In all other cases the possession of the mortgaged property shall remain in the mortgagor until he is devested of his title by sale, as provided in section one (1) of this act.

"Section 3. It shall be the duty of the holder of any mortgage on household goods, or the agent of such holder or mortgagee, whose duty it is to receive money on such mortgage, when any money, check or anything taken in payment on such mortgage or interest due thereon is received by them from the mortgagor, or from any person acting for the mortgagor, to execute a receipt to the mortgagor, which receipt shall be dated and signed by the mortgagee or his agent, and shall state the date and the amount of the loan secured by such mortgage, the amount of money actually paid to the mortgagor on such loan, the amount of money charged by the mortgagee or his agent for services and expenses in connection with said loan, the rate of interest, the amount of the payment received and how applied, and the amount yet unpaid on said loan, and when it will be due. If any such holder or mortgagee, or the agent of such holder or mortgagee, whose duty it is to receive such payments, shall fail to execute and deliver such receipt to the mortgagor, such mortgage shall be void."

The only point made by the appellant is that the act in question is unconstitutional because it abridges the rights of one class of citizens, and grants special privileges to another. Counsel for appellant says in his brief: "The only question to be considered is, has the legislature the power to enact such a law? Is it not in violation of the provisions of the Constitu-

tion of the United States, and does not such a law violate the Constitution of our own State? * * * By the provisions of these two sections, the legislature has attempted to single out a species of property, and say that the owners of such property shall have special privileges and immunities."

The law is of uniform operation throughout the State, and applies equally to all persons who execute, and who hold, chattel mortgages upon that species of personal property described as household goods. The property, so designated, usually embraces those articles which are necessary, if not indispensable, to the comfort and convenience of the owner or his family, and the deprivation of which must be attended with hardship and suffering to a greater or less degree. In many of the states of the Union, a part of the property exempted from seizure and sale on execution is of this kind, and is so described. It has been said of the statutes providing for exemptions, that they are designed as a protection of poor and destitute families, and that the law thus seeks to mitigate the consequences of men's thoughtlessness and improvidence. They are based upon considerations of public policy and humanity, and are always liberally construed. *Woodward* v. *Murray*, 18 Johns. (N. Y.) 400; *Kneettle* v. *Newcomb*, 22 N. Y. 249, 78 Am. Dec. 186; *Butner* v. *Bowser*, 104 Ind. 255; *Puett* v. *Beard*, 86 Ind. 172, 44 Am. Rep. 280; *Towns* v. *Pratt*, 33 N. H. 345; *Tanner* v. *Billings*, 18 Wis. 173; *Dunlap* v. *Edgerton*, 30 Vt. 224; *Pomeroy* v. *Beach*, 149 Ind. 511; *Green* v. *Simon*, 17 Ind. App. 360.

Even under the statutes providing for exemptions of property from execution where the debtor has the right of selection, the kind of property most frequently set off consists, in part at least, of household goods. The statute involved here is designed to protect householders and their families, to some extent, against the consequences of improvident agreements through which they may be stripped of those articles which are necessary to their comfort. Like the statutes pro-

viding for exemptions from sale on execution, it is founded on considerations of public policy and humanity, and there is good reason for making this particular class of goods an exception to the rules governing the transfer and encumbering of personal property in general. We are of the opinion that this classification is a proper one, and that it violates no provision of the Constitution of the United States, or of the Constitution of this State.

We know of no constitutional reason why the legislature may not require sales of personal property, held by virtue of a mortgage, to be made under a judicial proceeding. Such a regulation exists as to real estate, and neither its wisdom nor its validity has been questioned. §1088 R. S. 1881, §1101 Burns 1894, §1088 Horner 1897.

The rights of the parties as to the possession of this class of personal property previous to sale are, as we think, proper subjects for legislative control, and the provisions of section two of the act above set out seem to us just and reasonable.

The act applies only to mortgages executed after the statute took effect. The appellant is presumed to have known the law when he made the loan to the appellee, and to have entered into the contract in contemplation of its provisions. The second paragraph of the answer discloses that the appellant was not entitled to recover the possession of the property described in his complaint, for the reason that his only claim to it arose out of a chattel mortgage executed after this statute took effect. The instrument gave him no right to the immediate possession of the household goods mortgaged, and he was entitled to such possession only upon the contingencies named in the mortgage. He did not take actual possession of the property at the time of the execution of the mortgage, and hold, or attempt to hold it continuously until sale. This being the case, the mortgagee had the right to hold the property, until he was devested of his title by sale, as provided by section one of the statute. The

demurrer to the second paragraph of the answer was properly overruled.

The third section of the act requires that, upon any payment being made on account of the mortgage debt, a certain kind of receipt shall be given.    We must presume that the legislature had sufficient reasons for enacting a regulation of this character.    Perhaps evils and abuses had grown up which made such a measure advisable.    The statute is remedial, and its evident purpose is to prevent frauds, and to insure fair dealing.    The third section requires nothing which an honest man would be unwilling to do.    It is certain that the subject-matter of the third section was within the constitutional province of the legislature, and we cannot disturb this exercise of its discretion.    The facts stated in the third paragraph of the answer constituted a complete defense to the plaintiff's action for the possession of the property, and there was no error in the action of the court in overruling the demurrer to it.

The reply to the third paragraph of the answer alleged a waiver by the appellee and mortgagor of the requirements of the third section of the statute.    The waiver was in writing, and was carefully framed so as to defeat, entirely, the purposes of the third section of the act.    A copy of the agreement was filed with the reply, and was in these words:

"Richmond, Indiana, April 20, 1897.

"For and in consideration of the sum of fifty cents ($.50) to me in hand paid by W. A. Zumpfe, the receipt of which is hereby acknowledged, I hereby waive the execution and delivery to me by said Zumpfe, or his agent, of any receipt for anything given by me in payment of any part or portion of the sum or sums secured by a certain chattel mortgage, this day executed by me to said Zumpfe, on my household goods; and I hereby expressly waive and relinquish any or all right or rights I might, or could, have by virtue of any statute to claim a forfeiture of said mortgage, or to any defense

against the same by reason of the failure of the said Zumpfe, or his agent, to execute and deliver any such receipt to me.

"James H. Gentry," Mortgagor.

The third section of the act is positive in its terms, and nowhere provides for any waiver of the benefit of its provisions. We are of the opinion that the purpose of this section cannot be frustrated by any such device of the parties. It has been held that the protection of the statutes allowing exemptions cannot be waived by contract. These decisions rest upon the principle, that as these statutes are for the protection of the poor and destitute, it would be against public policy to permit the intended beneficiaries under them to deprive themselves by contract of the relief secured to them by the law. *Maloney* v. *Newton*, 85 Ind. 565, 44 Am. Rep. 46; *Kneettle* v. *Newcomb*, 22 N. Y. 249, 78 Am. Dec. 186; *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Moxley* v. *Ragan*, 10 Bush. (Ky.) 156, 19 Am. Rep. 61; *Recht* v. *Kelly*, 82 Ill. 147, 25 Am. Rep. 301; *Curtis* v. *O'Brien*, 20 Iowa 376, 89 Am. Dec. 543; *Maxwell* v. *Reed*, 7 Wis. 493.

The language of Denio, J., in *Kneettle* v. *Newcomb*, 22 N. Y. 249, *supra*, in regard to the waiver by contract of the right of exemption may be applied to contracts of waiver of the kind under consideration: "A few words contained in any note or obligation would operate to change the law between those parties, and so far disappoint the intentions of the legislature. If effect shall be given to such provisions, it is likely that they will be generally inserted in obligations for small demands, and in that way the policy of the law will be completely overthrown. * * * It was against the consequences of this over-confidence, and the readiness of men to make contracts which may deprive them and their families of articles indispensable to their comfort, that the legislature has undertaken to interpose."

It has been held in this State that the benefit of the laws providing for a stay of execution cannot be waived by con-

tract previous to the judgment. *Develin* v. *Wood*, 2 Ind. 102; *McLane* v. *Elmer*, 4 Ind. 239.

It may be stated in general terms, that where the waiver by contract is contrary to public policy, it will not be sustained.

On this ground, an agreement waiving the defense of usury is void. *Mabee* v. *Crozier*, 22 Hun (N. Y.) 264; *Bosler* v. *Rheem*, 72 Pa. St. 54; *Clark* v. *Spencer*, 14 Kan. 398. So also an agreement to ratify a forgery. *Shisler* v. *Vandike*, 92 Pa. St. 447, 37 Am. Rep. 702.

Objections to acts done, or contracts entered into, in violation of Sunday laws cannot be waived by agreement. *Day* v. *McAllister*, 15 Gray (Mass.) 433; *Taylor* v. *Phillips*, 3 East 155; *Boutelle* v. *Melendy*, 19 N. H. 196, 49 Am. Dec. 152; *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *Coppell* v. *Hall*, 7 Wal. 542.

The attempted waiver of the benefit of the provisions of the third section of the statute was in our judgment against public policy, and was void. The demurrer to the reply to the third answer was properly sustained. Judgment affirmed.