## Drimmie, Trustee, v. Hendrickson.

[No. 7,693.  Filed October 8, 1912.]

1.  Chattel Mortgages.—Household Goods.—Possession of Goods.—Statutes.—Validity.—Sections 8636, 8637 Burns 1908, Acts 1897 p. 271, relative to the right of a mortgagee of household goods to the possession thereof, prohibiting the sale of such goods under any power of sale contained in such mortgage, and providing for foreclosure thereof, are constitutional and valid.  p. 199.

2.  Chattel Mortgages.—Household Goods.—Recovery by Assignee of Mortgagee.—Statutes.—Under §8637 Burns 1908, Acts 1897 p. 271, providing that the mortgagee of household goods is not entitled to their possession unless it is so provided in the mortgage, and he takes actual possession at the time of the execution of the mortgage and holds possession continuously until sale, where a mortgagee of household goods failed to take possession of such goods when the mortgage was executed, his assignee under the mortgage could not replevin them; his sole remedy being by foreclosure as provided by §8636 Burns 1908, Acts 1897 p. 271. p. 200.

3.  Chattel Mortgages.—Household Goods.—Payments.—Failure to Execute Receipts.—Effect.—Under §8638 Burns 1908, Acts 1897 p. 271, providing that the failure of the holder of a mortgage on household goods to execute receipts in a specified form for all

payments made on such mortgage shall render the same void, he can not recover in a suit for its enforcement without proving the execution of the receipts necessary to preserve its validity, where it is shown that payments have been made. p. 200.

4. APPEAL.—*Review.—Evidence.—Sufficiency.*—Where the evidence is conflicting, the decision of the lower court, under the strong presumption which obtains in its favor, will be held to be supported by sufficient evidence. p. 200.

From Superior Court of Marion County (77,959): *Clarence E. Weir,* Judge.

Action by Thomas L. Drimmie, trustee, against May Hendrickson. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Charles E. Averill,* for appellant.

*Franklin McCray, Newton M. Taylor* and *Stuart A. Coulter,* for appellee.

IBACH, J.—This was an action in replevin, for possession of a piano, instituted by appellant, who failed to recover below, and contends in his motion for a new trial that the decision of the court is not sustained by sufficient evidence and is contrary to law. Appellant claimed the right to possession of the piano as the assignee of a chattel mortgage executed on it and other household goods by Lester A. Eckman. Appellee, after the execution of this mortgage, purchased the piano from Mrs. Ella Eckman, who then had the piano in her possession and was the apparent owner, and appellee paid to her a consideration at least equal in value, as shown by the evidence.

By statute (§§8636, 8637 Burns 1908, Acts 1897 p. 271), the mortgagee of household goods is not entitled to their possession unless it is so provided in the mortgage, and unless he took actual possession at the time the mortgage was executed, and holds possession continuously. He cannot sell the goods under a power of sale contained in the mortgage, but must foreclose the mortgage by judicial proceeding in the circuit or superior court. These

statutes are constitutional and valid. *Zumpfe* v. *Gentry* (1899), 153 Ind. 219, 54 N. E. 805.

Under these sections of the statute, as appellant's
2. assignor did not take possession of the household goods on execution of the mortgage, but left them in the possession of the mortgagor, appellant could not recover them in an action of replevin, and his only remedy would have been to foreclose his mortgage.

Under §8638 Burns 1908, Acts 1897 p. 271, where money is taken on a chattel mortgage, it is made the duty of the holder of the mortgage to execute receipts in a form
3. specified in the statute, and if he fails to execute such receipts his mortgage shall be void. It appears in evidence that money had been taken on the mortgage in suit, and it is not shown that the receipts required by the statute were executed. The taking of money on the mortgage having been shown, appellant could in no event recover in a suit for its enforcement, without proving the execution of the receipts necessary to preserve its validity.

But had the mortgage been shown to be valid, and
4. even in the absence of a statute denying the right under the mortgage to the possession of the mortgaged goods, there was some conflict in the evidence as to whether the mortgagor was the owner of the property at the time it was mortgaged, or whether it was at that time the property of Mrs. Eckman. Also, no proof was furnished that J. Will Callahan, who purported to execute an assignment of the mortgage and note to appellant as attorney in fact for the mortgagee, had the authority to execute such assignment. So that even if the statutes above cited did not conclusively determine that appellant could not recover in this action, the decision of the lower court, under the strong presumption which obtains in its favor, would be supported by sufficient evidence, and we would not feel justified in reversing it on the evidence.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 436. See, also, under (1) 7 Cyc. 6; (4) 3 Cyc. 360. As to the effect of the assignment by an attorney of a claim due his client, see 76 Am. Dec. 262. As to the rights of the owner of mortgaged chattels, see 16 Am. St. 499.