Subscriptions may be made to begin at No. 1 or any subsequent number.

#### SUBSCRIPTION PRICES and TERMS

Per year (50 issues)........................$15.00

Single Numbers ............................... .50

Address all communications to:

The Law Abstract Co., 309-310 The Arcade

Cleveland, O.

## DISTRICT COURTS of U. S.

### No. 477

### UNITED STATES v. GORDIN

U. S. District Court, S. D. Ohio, W. D.

No. 74. 287 Fed. 565. Decided Nov. 24, 1922.

WAR—(1) Regulation limiting profits of dealers in wool valid—(2) Regulations limiting profits of wool dealers impliedly approved by Congress—(3) Congress may adopt and ratify acts of government agencies—(4) Licensed dealer not entitled to retain profits in excess of regulation rate—(5) U. S. proper party to compel wool dealer to disgorge excessive profits. STATUTES—(6) Debates of Congress not to be considered in construing legislation.

SATER, D. J.:

#### Epitomized Opinion

This was a suit brought by the United States against Gordin to recover excess profit exacted by defendant, a wool dealer. Under the Act of June 3, 1916 (39 St. 166), there was established a Council of National Defense. One of the Boards created by this organization was the War Industries Board. In 1918 it became apparent to the War and Navy Departments that the supply of wool would prove greatly inadequate to the needs of the Army and Navy and our civilian population. The government through the War Industries Board devised a scheme through which the U. S. in effect took over the entire wool product of that year. The price which the government fixed was to the grower based upon the Atlantic Seaboard price as established in July, 1917, less the profit allowed to the dealer, less freightage and shrinkage. On June 1, 1918, the defendant received a permit to operate in the country districts. A subsequent report to the government showed that he made a profit in excess of that prescribed in the regulations and which he had previously agreed to accept. The government sued to recover this excess. To the petition the defendant filed a demurrer. In overruling the demurrer Judge Sater held:

1. The regulations of the War Industries Board as to the price of wool and the profits of wool dealers were valid.

2. Congress, by certain appropriation acts passed in 1919, 1920 and 1921, impliedly approved the regulations limiting profits of wool dealers.

3. Where an act originally purports to be done in the name and by the authority of the government, a defect in that authority may be cured by the subsequent adoption by congressional enactment.

4. The agreement of a dealer in wool licensed by the War Industries Board to operate, subject to its rules for handling the 1918 wool clip, was valid and enforceable, and where such wool dealer exacts a profit in excess of the authorized rate, such excess was recoverable from him in a suit by the United States.

5. The United States was a proper party plaintiff in an action to compel the wool dealer licensed by the War Board to pay over profits exacted by him in excess of the amount authorized by his license.

6. Debates in Congress are not appropriate sources of information from which to discover the meaning of the language of statutes passed by that body.

Attorneys—Thomas H. Morrow, for United States; Chase Stewart, for Gordin.

### No. 478

### STANDARD PARTS CO. v. CLEVELAND WELDING & MFG. CO.

U. S. District Court, N. Ohio, E. D.

No. 777. Decided March 20, 1923.

PATENTS—(1) Patent held invalid for lack of novelty—(2) Other defenses not considered when patent is held invalid.

WESTENHAVER, D. J.:

#### In Equity

#### Epitomized Opinion

The Standard Parts Co. brought action against The Mfg. Co., charging infringement of two U. S. letters patent owned by the former Co. The defenses were invalidity for lack of novelty and invention, and also as to one of the patents, invalidity because of double patenting, and as to another, that no action could be maintained thereon because a proper disclaimer was not filed within due time after discovery that there was included in the patent a material part of the thing patented of which the securer of the patent was not the original inventor. If the defenses were not sustained the infringement was not denied. Held by the Court in dismissing the bill:

1. The device in question which related to the driving connections between the rim felly and the auxiliary carrying rim of an automobile wheel. is invalid because of lack of novelty. Every element and feature of the invention is included in similar devices patented previously.

2. It being found that the patent was invalid it is unnecessary to determine whether the second patent was invalid for double patenting, or whether the plaintiff was barred from action because of failure to file a disclaimer.

Attorneys—B. M. Kent, for Standard Parts Co. Hall, Brock & West, contra.