STEIN-HALL MANUFACTURING COMPANY v. GLOSSBRENNER AND COMPANY, INCORPORATED, ET AL.

[No. 11,853.  Filed November 19, 1924.  Rehearing denied April 9, 1925.  Transfer denied March 30, 1926.]

1. EVIDENCE.—Date of termination of war with Germany judicially known to the courts.—The courts will take judicial knowledge of the fact that the war between the United States and Germany did not terminate until after November 11, 1918. p. 309.

2. WAR.—Rules of Food Administrator during war have force of law.—The rules and regulations of the Food Administrator in the administration of his office during the war with Germany had the force and effect of law.  p. 310.

3. WAR.—Contracts relevant to the sale of food products other than as prescribed by the Food Administrator were ipso facto void.—Where the Food Administrator, during the war with Germany, established and promulgated a rule prohibiting the making of contracts relative to the sale of food products except in a certain prescribed form, all such contracts in any other form were ipso facto void.  p. 310.

4. ESTOPPEL.—Dealer in food supplies who accepted a license under the Food Administration during war with Germany was estopped to challenge the validity of the rules and regulations of the department.—A dealer in food supplies who requested

and accepted a license under the Food Administration during the war with Germany thereby agreed to obey the rules and regulations prescribed for the conduct of the business, and could not thereafter challenge the legal force of such rules and regulations. p. 311.

5. SALES.—*Contract for sale of rice flour, made during the war by licensee under Food Administration, was void if not in prescribed form.*—A contract for the sale of rice flour, made during the war with Germany by a company doing business under a license from the Food Administration, which was not in the form prescribed by the administration's rules and regulations, was illegal and, therefore, unenforcible. p. 311.

6. PLEADING.—*Under the general denial, defendant is not limited to negative proof in denial of facts alleged in complaint.*—A defendant, under the general denial, is not limited to negative proof in denial of the facts alleged in the complaint, but may introduce affirmative proof of facts independent of those alleged therein, which tend to meet and break down the averments of the complaint and thus destroy the cause of action. p. 312.

7. SALES.—*Application and license of plaintiff to do business under the Food Administration during the war with Germany, together with the rules and regulations of the administration and the prescribed form of contract, were admissible under general denial, in action for price of flour sold at that time, as tending to show illegality of contract.*—In an action for the price of flour sold during the war with Germany, the plaintiff having been a licensee under the Food Administration, its application and license, the rules and regulations made by the administration relative to sales of food products, together with the form of contract prescribed by the government, were admissible under the general denial, for the purpose of showing the illegality of the contract. p. 312.

From Shelby Circuit Court; *H. C. Morrison,* Judge.

Action by the Stein-Hall Manufacturing Company against H. M. Glossbrenner and Company, Incorporated, and others. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the second division.

*Oren S. Hack, Charles A. Hack* and *Stein, Mayer & David,* for appellant.

*Urban C. Stover, James L. Murray* and *Ed Adams,* for appellees.

NICHOLS, P. J.—It is averred in the complaint in this action, briefly stated, that appellees William B. and Gerda Stein and Frank G. Hall were at the time of the alleged contract in suit copartners doing business under the firm name of "Stein-Hall and Company," with their principal place of business in Chicago, Illinois.   On September 16, 1918, appellee company telegraphed to said copartners as follows:   "Wire price car rice flour * * *"   and said copartners, on September 17, 1918, in answer to said wire, telegraphed the appellee company as follows:   "Offer car rice flour 9 cents net, Chicago, shipment about three weeks * * *."   On September 19, 1918, appellee company wrote to said copartnership as follows:   "Answering yours of the 17th you may enter our order for one car of rice flour at 9 cents net, shipping instructions to follow later."   On January 1, 1919, appellant's corporation was organized, and the assets, contracts, choses in action, etc., including the contract and claim sued upon were assigned by said appellee copartners to appellant.   Such copartners were made defendants to the suit and answered admitting the allegations of the complaint and consenting to the relief sought.   It was further averred in the complaint that the copartnership and appellant as its assignee were at all times ready and willing to deliver the car of rice flour to appellee company (hereinafter mentioned as "appellee") but that appellee failed and refused to give shipping instructions for the same, refused to accept and pay therefor and later repudiated the contract.   There was an answer in six paragraphs, demurrers being respectively sustained to the second, fifth and sixth, and overruled to the first, third and fourth.   The first paragraph was a general denial.

As we view this case we do not need to set out the paragraphs of answer.   There was a trial by the court which resulted in a finding and judgment for appellee,

from which judgment, after motion for a new trial was overruled, this appeal. Appellee presents forceful objections to appellant's brief, contending that it fails to conform to Rule 22 of this court and the Supreme Court, and that therefore no question is presented for our consideration. We think, however, that it is sufficient to present the sufficiency of the evidence to sustain the decision of the court and the admissibility of certain evidence hereinafter considered. This will involve the substantial question in this appeal.

Over the objection of appellant, appellee introduced in evidence the copartners' application to the United States government for a license to handle certain commodities, included in which was rice flour, such application being dated October 24, 1917. Appellee also introduced in evidence, over the objection of appellant, the license by the United States government to appellant to deal in rice flour, with other commodities, dated January 17, 1918, in which it was expressly provided that the same was subject to revocation at any time for violation of the rules and regulations prescribed by the President of the United States or by the United States Food Administrator, under the direction of the President, or for the violation of any of the provisions of the acts of Congress under which the license was issued. It will be observed that such application and license was at the time when there was a state of war between the United States government and Germany, and it was provided in the license that the same should cease to be in effect when such war had terminated and the fact of such termination had been proclaimed by the President. That such war did not terminate until after November 11, 1918 (which was after the alleged contract sued on in this action) is a fact of which this court will take judicial knowledge. Appellee also introduced in evidence the

rules and regulations of the United States Food Administration, being license regulations governing dealers in rough rice and rice millers and manufacturers of rice flour, same being effective July 29, 1918. Rule 8 of such regulations is as follows: "Uniform Contract Prescribed. The licensee shall not sell any cleaned rice or rice flour in quantities of 25 pockets or more except by signed contract in the form prescribed below. The licensee shall not sell rice or rice flour in quantities less than 25 pockets unless stipulated that the terms of the contract prescribed below shall prevail." Here follows a long form of contract prescribed in Rule 8 which we deem it unnecessary to set out for the purposes of this opinion. It is sufficient for us to say that no such contract was ever entered into between appellant or the copartnership and appellee. By appellee's second paragraph of answer, the act of Congress under which such application was made and license issued, such as being approved August 10, 1917, and entitled, "An Act to provide further for the national security and defense, by encouraging the production, conserving the supply and controlling the distribution of food products and fuel," was pleaded, together with the fact that the application for such license was made by appellee copartnership, that such license was issued, and the special regulations governing the dealing in rice flour and other commodities, but a demurrer was sustained to such answer. The question which we have now to consider is the competency of such evidence, and its admissibility under the issues.

The United States Food Administration was created by and under an act of Congress as a war measure, "to provide further for the national security and 2, 3. defense by encouraging the production, conserving the supply, and controlling the distribution of food products and fuel," and under it, rules and regu-

lations were promulgated by the President, Rule 8 of which is here involved. That conditions were such that some form of control became absolutely necessary for the purpose of conserving the food supply and of preventing inordinate speculation and profiteering in the sale thereof is a matter of history and common knowledge; that the purpose of the rules and regulations, including Rule 8 with its prescribed form of contract, was to enable the food administrator, in the administration of his duties under the exigencies of war, to consummate the ends for which the department was created is evident from even a casual reading of the same. Such rules and regulations have the force of law. *United States* v. *Stone* (1905), 135 Fed. 392, 396; *Dastervignes* v. *United States* (1903), 122 Fed. 30; *Pappens* v. *United States* (1918), 252 Fed. 55; *Caha* v. *United States* (1894), 152 U. S. 211, 222, 14 Sup. Ct. 513, 38 L. Ed. 415. And where, for the more efficient administration of his office, the food administrator, under the necessities of war, by such rules and regulations prohibited the making of contracts except in a certain form, contracts made in any other way are *ipso facto* void. *United States* v. *Gordin* (1922), 287 Fed. 565; *Hind, Rec.,* v. *Cook & Co.* (1924), 202 Ky. 526, 260 S. W. 349; 13 C. J. 420, 421.

Appellant was under no compulsion to make its application for a license and to accept the same from the department of food administration. It could accept such license or not as it chose. It is true that if it had refused to so accept, it would have been precluded from engaging in the business of handling rice products. It chose to accept the license and to engage in the business under the rules and regulations of the food administration. It agreed in its application to obey the rules and regulations, included in which was the requirement to use the form of contract pre-

scribed. Such application being its voluntary act, it is not now in position to challenge the legal force of such rules and regulations. Having had the benefit of the license which was granted to it, it should accept the burden which it imposed. This is in harmony with the decision in the case of *United States* v. *Smith* (1922), 285 Fed. 751. In that case, the court cited *Daniels* v. *Tearney* (1880), 102 U. S. 415, 26 L. Ed. 187, where, on p. 421, the court said: "Where a party has availed himself for his benefit of an unconstitutional law, he cannot, * * * aver its unconstitutionality as a defense." The principle is the same as here. Appellant, for the purpose of availing itself of the benefit of the license from the food administration, agreed to obey the rules and regulations, and it is not now in a position to assert the validity of the pretended contract which it made in violation of the rules and regulations to which it agreed to submit when it accepted the license. See, also, *United States* v. *Mulligan* (1920), 268 Fed. 893. We hold that the contract entered into was not in the form prescribed by the rules and regulations of the food administration and was therefore illegal and unenforceable.

It is appellant's contention that the application and the license, with its rules and regulations, together with the prescribed form of contract, were not admissible under the general denial. But, in this, we think that appellant is in error. Appellee specially pleaded the invalidity of the contract sued on in its second paragraph of answer to which a demurrer was sustained. But we think such evidence was admissible under the general denial. Appellee was not confined to negative proof in denial of the facts pleaded in the complaint, but could introduce affirmative proof of facts independent of those alleged in the complaint, but inconsistent therewith and which would tend to meet

and break down the averments of the complaint. *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 279; *Balue* v. *Sear* (1891), 131 Ind. 301; *Jeffersonville Water Supply Co.* v. *Ritter* (1897), 146 Ind. 521; *Cleveland, etc., R. Co.* v. *Hayes* (1913), 181 Ind. 87, 104 N. E. 581; *Goode* v. *Elwood Lodge, etc.* (1903), 160 Ind. 251.

In this case, appellant having based its action upon a contract, it was competent for appellee, under the general denial, to show by affirmative evidence that such contract was invalid. Having reached the conclusion that the contract is invalid and that the evidence of its invalidity was competent under the general denial, we do not need to decide other questions.

The judgment is affirmed.