WELLS ET AL. *v.* INDIANAPOLIS COMPANY.

[No. 13,022.   Filed March 9, 1928.   Rehearing denied June 21, 1928.
Transfer denied November 16, 1928.]

*C. E. Fenstermacher* and *J. S. Fenstermacher*, for appellants.

*Fred J. McCord, Louis Rosenberg, F. Neal Thurston* and *R. K. Eby,* for appellee.

*James W. Noel, Hubert Hickam, Alan W. Boyd* and *Robert D. Armstrong,* Amici Curiae.

NICHOLS, J.—Action by appellee against appellants on a promissory note, drawing interest at three per cent. a month, executed under ch. 125, Acts 1917 p. 401, §9777 *et seq.* Burns 1926, commonly known as the Petty Loan Act.

The jury returned their verdict in favor of the appellee for $225 on the note and $15 attorney's fee, on which judgment was rendered for $240 against appellants.

In this court, the errors relied upon for reversal are that the court erred in striking from the record appellant Wells' plea in abatement; in overruling his motion for a new trial; in striking from the record appellant Harper's plea in abatement and in overruling his motion for a new trial.

The questions which we need to consider are presented by the errors assigned on the court's rulings in overruling appellants' respective motions for a new trial.

The promissory note involved in this action was executed by appellants to appellee who was a licensee under the above-mentioned Petty Loan Act, and, in order that appellee, as such licensee, may recover, he must comply with the conditions thereof. It is expressly provided by §3 of such act, being §9779 Burns 1926, that no licensee shall take any note, promise to pay, or security that does not state the amount of the loan. The note in suit does not comply with this condition of the statute. Appellee contends that the recital therein "value received" is a sufficient compliance with the statute, but we think not. We understand that the requirement that the note shall state the actual amount of money loaned means that it shall "state" the

actual amount of money paid to the borrower. As was said in *Zumpfe* v. *Gentry* (1899), 153 Ind. 219, 54 N. E. 805: "We must presume that the legislature had sufficient reasons for enacting a regulation of this character. Perhaps evils and abuses had grown up which made such a measure advisable. The statute is remedial, and its evident purpose is to prevent frauds, and to insure fair dealing."

The statute further provides an interest rate of not to exceed three and one-half per cent. per month, and expressly prohibits the licensee from contracting for any additional charge other than the recording fee paid out in the event of a mortgage, with a provision, however, that nothing in the statute shall preclude the allowance of a reasonable attorney's fee to be determined and allowed by the court, upon final judgment in foreclosure proceedings, in a court of record. There is no other provision in the act for attorney's fees. As the action herein is not a foreclosure proceeding, no attorney's fees are allowable, and, in this regard, there is a provision in the note in violation of the statute, in which it is provided that "if interest or charges in excess of those permitted by this act shall be charged, contracted for or received, the contract of loan shall be void." It is provided in the statute that the application for license to transact business under the statute shall be in writing, and shall contain the full name and address, both the residence and place of business, of the applicant, and further that not more than one office or place of business shall be maintained under the same license. Appellee herein, in his application for a license, stated his place of business to be No. 225-229 North Delaware street in Indianapolis, and his license to transact business showed the same place of business. But the loan statement made out by appellee and delivered to appellant Harper showed appellee's place of business to be

223 North Pennsylvania street. It does not appear by the record that appellee had ever changed his place of business, but if it did so appear, the statute, §9777, *supra,* provides that, "in case of the removal of the licensee he shall at once give written notice thereof to the auditor of state who shall attach to the license his consent in writing to the removal." It does not appear that there had been such a removal. The statute, §9779, *supra,* provides *inter alia,* that every licensee shall give a statement to the borrower, containing his name and address, but, as appears above, for some unexplained reason, a wrong address was given.

It is provided by §9777, *supra,* that the auditor of state may, upon notice to the licensee and a reasonable opportunity to be heard, revoke his license if satisfied that the licensee has violated the provisions of the act; and in case the licensee shall be convicted a second time of the violation of §2 of the act, §9778, *supra,* the auditor of state shall revoke his license. This section, as stated above, provides that, in addition to the three and one-half per cent. per month, no further or other charge or amount whatsoever for any examination, service, brokerage or commission, or other thing or otherwise, shall be directly or indirectly charged, contracted for or received except lawful fees to any public officer for filing and recording, or releasing any instrument securing the loan, with the provision allowing reasonable attorney's fees in foreclosure proceedings. Section 4 of the act, being §9780 Burns 1926, provides for a penalty for the violation of said §2, by fine of not more than $500 or imprisonment for not more than six months, or both, in the discretion of the court.

It is well settled that there can be no recovery on a contract made in violation of the statute, as between the parties thereto, the violation of which is prohibited by a penalty. *Horning* v. *McGill*

(1917), 188 Ind. 332, 116 N. E. 303; *Beecher* v. *Peru Trust Co.* (1912), 49 Ind. App. 184, 97 N. E. 23; *Stein-Hall Mfg. Co.* v. *Glossbrenner & Co.* (1924), 84 Ind. App. 306, 145 N. E. 526. In the last case cited, we held that the licensee, having had the benefit of the license which was granted to it, should accept the burden which it imposed.

Other errors are presented, but, in view of the conclusion we have reached, we deem it unnecessary to consider them.

Judgment reversed.