WESTVILLE AND HAMDEN LOAN COMPANY *vs.* CONCETTA PASQUAL ET AL.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 22d—decided April 17th, 1929.

*Edward G. Levy,* for the appellant (plaintiff).

*Albert M. Herrmann,* with whom were *Anthony F. Arpaia* and *Louis Sperandeo,* for the appellees (defendants).

WHEELER, C. J.   The plaintiff was entitled to recover on this joint and several promissory note from the defendants Amirante and Cappiello, two of the signers of the note, the amount due on the note of $300 with interest at the rate of three and one half per cent a month on unpaid balances, provided these defendants' second defense, that they were obligated to pay the plaintiff more than $300 as principal on five promissory notes which were accepted by the plaintiff in violation of the statute of the State, was not sustained. The statute to which the second defense had reference was the concluding sentence of § 13 of Chapter 219 of the Public Acts of 1919: "No person shall owe any licensee, as such, at any time more than three hundred dollars for principal." The "Small Loans Act" authorized the bank commissioner to license persons, partnerships and corporations to make loans up to $300 at three and one half per cent a month under certain specified regulations, and provided that no person, partnership or corporation, except in certain specified cases under which plaintiff does not fall, unless licensed, shall loan up to $300 at a greater rate of interest than twelve per cent. The loans were limited in amount. No doubt the legislative purpose in this

Act was to accord to persons of small means, who might be in need of money and unable to obtain it at ordinary commercial rates, the opportunity of obtaining it and thus relieving their necessities. The rate of interest, forty-two per cent a year, upon its face seems unnecessarily large for this purpose, but the provisions of the Act indicate care and foresight, and no doubt there were facts and reasons before the legislature which in their opinion justified the fixing of this rate, as they thought, proportionately to the risk. Largely to enforce the limitation of these loans to $300, the provision we have quoted was made a part of this Act. Its prohibition is most explicit. No person shall owe a licensee at any time more than $300.

The statement of facts discloses that these defendants, at the time they became co-makers of the note in suit, owed the plaintiff as licensee more than $300 and thus violated a most essential prohibition of this Act. Since Amirante and Cappiello executed the note in suit, without compensation and as a matter of accommodation, the plaintiff claims that these defendants were surety-guarantors and no money was owed by them until the borrowers, Concetta and Donato Pasqual, had made default and judgment had been rendered in an action on the note against these defendants. And further, that § 13 of this Act, which we have quoted, is applicable only to actual borrowers. The liability of the defendants is fixed by the note in suit. They were, as the complaint designates them, co-makers. Their obligation was a primary obligation, each co-maker equally bound to meet the promise of the note. This has always been an established and elementary principle of our law of negotiable instruments, and is now found in § 4418 of the Revision of 1918. Under § 4387 an accommodation maker is liable on a note signed by him to a holder for value, not-

withstanding such holder at the time of taking the instrument knew him to be only an accommodation maker. Since the defendants were makers of the notes they were primary obligors, and owed the plaintiff at the time of executing the note in suit more than $300, and therefore the loan was made in violation of § 13 of this Act.

The second and principal ground of error claimed by the plaintiff-appellant is that the penalty provided in § 18 of the Act is an exclusive penalty for violations of the provisions of the Act and that the legislative intent in the Act was not to void and render unenforceable a contract admittedly lawful in all respects, unless the fact, as claimed by the defendants, was true, that the makers of the note in suit at the time of its making owed the plaintiff-licensee more than $300.

The provisions of the Small Loans Act, with some few exceptions, relate to the licensing of persons, partnerships and corporations to engage in the business of loaning money in amounts of $300 or less at three and one half per centum a month, together with many regulations and restrictions upon the carrying on of this business under the supervision of the State bank commissioner, designed to safeguard the interest of borrowers and to protect the public welfare. Section 13 provides that the loan of amounts not exceeding $300 by a licensed person, partnership or corporation when the interest or charges are in excess of those provided by the Act shall be void and that the licensee shall have no right to collect or receive any principal, interest or charges upon the loan. Section 17 prohibits any unlicensed person, partnership or corporation, except as authorized by the Act, from charging, contracting for or receiving any interest or consideration greater than twelve per cent upon loans of the

amount of $300 or less, and provides that a loan for a greater rate of interest or charge shall not be enforced and any person participating therein shall be subject to the penalty of § 18. Section 18 provides a penalty for the violation of §§ 13 and 17 and §§ 1, 8 and 12 of the Act, of a fine of not more than $500 or imprisonment of not more than six months or both.

The plaintiff urges that §§ 13 and 17 give the grounds for which these loans shall become void which do not include the prohibition against the owing of any person to a licensee of more than $300 as principal at one time, thereby indicating that the penalty provided by § 18 is the exclusive penalty. The legislature manifestly had in mind the mischief which might be attempted by evading by one device or another its limitation of the loans by a licensee to one principal to $300 at one time, and to avoid this mischief and carry out the remedial object it had in view and from considerations of public policy it inserted this specific prohibition. Its purpose was primarily to prevent the evasion of the $300 limitation upon these loans and also to aid in enforcing the provisions of § 1 of the Act. The legislature must be presumed to know the state of the law when it enacted the Small Loans Act. We held in *Sagal* v. *Fylar,* 89 Conn. 293, 295, 93 Atl. 1027: " 'Every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty upon the offender.' " This case is cited with approval in *DiBiase* v. *Garnsey,* 103 Conn. 21, 130 Atl. 81, and the reasoning of the case supports the position that under the provisions of § 13, the note sued upon is a void and unenforceable obligation. If this note were held to be enforceable the door would be opened wide for evasions of the legislative limitation of

loans by licensees under this Act to $300. Each of these defendants is a joint and several maker of the note in suit; as to them it is a void and unenforceable contract.

There is no error.

In this opinion the other judges concurred.