THE G. NICOTERA LOAN CORPORATION *vs.* MARY GALLAGHER ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued April 6th—decided May 10th, 1932.

*A. L. J. Scanzillo,* for the appellant (plaintiff).

*David R. Lessler,* for the appellees (defendants).

HAINES, J.   The plaintiff is a licensee permitted to do business in this State under the so-called Small Loan Act, General Statutes, §§ 4066-4082, formerly Chapter 219 of the Public Acts of 1929.   It took a note for $300 signed jointly and severally by John Gallagher, Sadie Gallagher, Mary Gallagher and Timothy J. Mulloy, and default having occurred, it brought this action to recover the balance due with interest and also to set aside a conveyance claimed to have been fraudulently made by Mary Gallagher to Mary Marcella Mitchell to avoid the grantor's obligation upon this note.   By way of special defense Mary Gallagher alleged that the note was illegal and void because it did not comply with the requirements of the Small Loan Act in that it did not state the rate of interest charged and did not state the actual amount of the loan or the time for which the loan was made.   The trial court held this defense sufficient and gave judgment for the defendant, and the plaintiff appealed. The relevant portions of the note read as follows:

"$ . . . 300 . . .            BRIDGEPORT, CONN. . . .
                        . . . Feb. 28, 1929 . . . .
"For value received, we jointly and severally promise to pay to The G. Nicotera Loan Corporation or order, at its office in the City of Bridgeport the sum of

THREE HUNDRED DOLLARS in weekly installments as follows:

"SIX DOLLARS on the 7th day of March, 1929, and continuing until the whole amount of THREE HUNDRED DOLLARS, being the amount of this note, is fully paid the interest at the rate stated on the receipt book which rate is hereby made part hereof."

Upon delivery of the note to the plaintiff the latter delivered to John Gallagher, one of the makers of the note, but to none of the others, a two page folder marked "Receipts Book," on the reverse side of which were blanks entitled "No......," "Amount $......," "Date issued..........," "Name............" and "Address.........," followed by ruled blanks for the entry of payments of principal and interest as made. The record before us does not indicate whether these blanks were filled out in the instant case. The other side of the folder contained, on one page, the name and address of the plaintiff and a copy of § 13 of Chapter 219 of the Public Acts of 1929, now General Statutes, § 4077. On the opposite page was printed a table adapted to a rate for $100 showing the amount of principal, $2, to be paid each week and the amount to be paid each week as interest and the balance due on the principal. Aside from a notice that the payments could be made by mail, this folder contained no further information whatever and no other paper of any kind was delivered to any of the signers of the note.

The purpose of our Small Loan Act was to furnish an opportunity for borrowing, to persons of small means who might be in need of money and unable to obtain it to relieve their necessities, at ordinary commercial rates, and the provisions of the Act indicate care and foresight on the part of the legislature.

*Westville & Hamden Loan Co.* v. *Pasqual,* 109 Conn. 110, 114, 145 Atl. 7508. We may fairly assume legislative recognition of the fact that the privilege of loaning money at a rate of interest greatly in excess of the legal rate permitted in ordinary business transactions, naturally called for strict limitations upon the lender and for measures of protection to the borrower who was forced to make such agreements by the necessities of his situation.

It is provided in § 4078 that the lender "shall deliver to the borrower at the time a loan is made a statement in the English language showing in clear and distinct terms the amount and date of the loan and the time of maturity, the nature of the security, if any, for the loan, the name and address of the borrower and of the licensee and the rate of interest charged, upon which statement there shall be printed in English a copy of section 4077." See also General Statutes, § 4079.

The defendant contends that the note in question does not state the actual amount of the loan. The plaintiff argues that the amount stated in the note is the equivalent of a statement of the actual amount of the loan, but we see something very different in the legislative intent behind this phrase. A not uncommon means of extortion in this species of loans had previously been to loan a certain amount and take a note for a larger amount. To insure that this did not occur was clearly the purpose of the provision for a clear and distinct statement of the amount of the loan, and it requires that the note shall state not only the amount of the note itself which the borrower has agreed to pay, but the actual amount of money which he received by way of loan. The note in question nowhere gives the latter information. The statement on the face of the note that it is "for value received"

does not meet the requirement, for the amount indicated may have been $1 or any other sum. The distinction is well brought out in a case in Indiana, where the court said: "Appellee contends that 'value received' is a sufficient compliance with the statute, but we think not. We understand that the requirement that the note shall show the actual amount of money loaned means that it shall 'state' the actual amount of money paid to the borrower. . . . We must presume that the legislature had sufficient reasons for enacting a regulation of this character. Perhaps evils and abuses had grown up which made such a measure advisable. The statute is remedial, and its evident purpose is to prevent frauds, and to insure fair dealing." *Wells* v. *Indianapolis Co.*, 88 Ind. App. 231, 232, 161 N. E. 687.

Nor do we think that the rate of interest charged is stated in the folder in the clear and distinct terms which the statute requires. Although the somewhat intricate mathematical calculations which this table requires to determine the actual rate charged to the borrower, show, when made, that the rate charged is not in violation of that portion of General Statutes, § 4077, prescribing a rate not in excess of forty-two per cent, it is too obvious for discussion that the ordinary borrower would be totally unable to determine from the figures upon this folder the exact rate of interest which the note required of him.

The Act provides specifically that if more than forty-two per cent is charged, directly or indirectly, the contract of loan shall be void and unenforceable. General Statutes, §§ 4077, 4081. A penalty by way of fine and imprisonment is provided for failure to state the rate of interest or the amount of the loan. General Statutes, § 4082. In the case of *Westville & Hamden Loan Co.* v. *Pasqual, supra,* the claim was

made that provision for a fine and imprisonment was an exclusive penalty and in view of the provisions voiding the loan in specified instances, it could not be held that the note was void for failure to comply with any other provisions of the Act than those specified. We held that claim untenable, quoting *Sagal* v. *Fylar*, 89 Conn. 293, 295, 93 Atl. 1027: " 'Every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty upon the offender,' " citing, also, *DiBiase* v. *Garnsey*, 103 Conn. 21, 130 Atl. 81, and added, that "if this note were held to be enforceable the door would be opened wide for evasions of the legislative limitation. . . ." It follows that the trial court was correct in holding that the plaintiff's failure to comply with the Act in the particulars pointed out, renders the note illegal and void.

There is no error.

In this opinion the other judges concurred.