A. N. Winnick, Plaintiff in Error, v. Aetna Acceptance Company, Defendant in Error.

Gen. No. 37,256.

Opinion filed June 15, 1934.

HAROLD O. MULKS and LAWRENCE J. FLYNN, for plaintiff in error.

WILLIAM S. KLEINMAN, for defendant in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

August 29, 1933, plaintiff filed a suit in the municipal court of Chicago described as a "fourth class tort case." The original statement and an amended statement thereafter filed were stricken upon the motion of defendant, for reasons which the record does not disclose. On October 20, 1933, plaintiff filed a second amended statement which on November 1st thereafter was on motion of defendant stricken from the files, for the reason as stated in the order that it was "insufficient in law," and plaintiff electing to abide by this statement, suit was dismissed and judgment for costs entered against him which he asks us to reverse.

The question for our determination is whether the statement was sufficient as a matter of law.

Section 40 of the Municipal Court Act, as amended by the act approved July 8, 1931, Cahill's St. ch. 37, ¶ 428 (Smith-Hurd's Ill. Rev. St. 1933, ch. 37, ¶ 395, sec. 40, and Laws of 1931, p. 420, adopted Nov. 8, 1932) provides that a plaintiff bringing an action of this kind should file "a statement of the nature of the plaintiff's claim" and further, that "in all cases of the fourth class mentioned in said section two (2) of this Act, the Municipal Court may adopt such rules and regulations as it may deem necessary to enable the parties, in advance of the trial to ascertain the nature of the plaintiff's claim or claims or of the defendant's defense or defenses." A note appended to this section in the Civil Practice rules of the municipal court of Chicago, 1933, p. 236, states that this section is superseded by the Municipal Court Civil Practice rules, "which abolish all distinctions in the modes of commencing and prosecuting actions of the first and fourth classes aside from the provisions of Rule 3 respecting the places of commencing actions." These rules of practice were adopted by general order No. 900, which states that the same are to take effect and be in force on and after January 2, 1934, so that apparently section 40 as modified by the former rules of the municipal court was in force and applicable to these proceedings here to be reviewed. At that time rule 14 of the court provided in substance that pleadings in all cases of the first class should be the same as in cases of the fourth class, and rule 15, subdivision b, provided, "Every pleading shall contain a concise statement of the ultimate facts on which the party pleading relies for his claim or defense, as the case may be, but not the evidence by which they are to be proved."

The statement stricken alleged in substance that on May 20, 1932, plaintiff was the owner of a Studebaker

coupe with equipment and accessories attached thereto, all of which was of the value of $750; that at that time he made application to defendant to borrow $175 for one year; that defendant "demanded, exacted and required" as a condition for making the loan that plaintiff "agree and promise to repay to the defendant a high, illegal, prohibited and excessive rate of interest in excess of the rate of 50% per annum . . . ; that in order to conceal the illegal, prohibited and excessive rate of interest so demanded, exacted and required, . . . defendant demanded, exacted and required that the plaintiff affix his signature to an instrument in writing denominated a 'bill of sale' which recited therein that the plaintiff had sold said automobile, said chattel, to the said defendant and also at the same time, that the plaintiff affix his signature to an instrument in writing, denominated a 'conditional sales contract,' which recited therein that the plaintiff had entered into a contract to purchase said automobile from said defendant for the sum of $275 and had agreed to pay to the defendant said sum of $275 in 11 monthly installments of $25 each commencing the 20th day of June, 1932, and the said defendant also demanded, exacted and required that the plaintiff affix his signature to a purported promissory note for the sum of $275, payable to the defendant in 11 monthly installments of $25 each commencing the 20th day of June, 1932; that each and all of said documents, said purported bill of sale, said purported conditional sales contract and said purported promissory note were prepared by the agents, officers and employees of the defendant as a ruse and device to conceal the high, excessive and illegal rate of interest demanded and exacted by the defendant from the plaintiff."

The statement also averred that defendant, its officers and agents, at all times retained possession of these purported documents; that the same are now in the possession of defendant; that defendant as a

further condition of making this loan of $175 demanded, exacted and required the delivery to defendant of the physical possession of the automobile, and being so required to do in order to procure the loan, plaintiff surrendered said possession and defendant received the same from the plaintiff and retained said possession until it was illegally and wrongfully converted by defendant, its officers and agents.

The statement also averred that defendant never at any time received or obtained a license of any kind from the Department of Trade and Commerce of the State of Illinois to engage in the business of making loans of money of $300 or less and receiving therefor rates of interest in excess of seven per cent per annum; that defendant never at any time filed with the Department of Trade and Commerce a bond of any kind to be approved by said department running to the people of the State or for the use of any person or persons who might have a cause of action against defendant.

Paragraph 6 of the statement alleges ''that by virtue of the premises and by virtue of the Statute of Illinois in such case made and provided, that the said loan so made by the defendant to the plaintiff was illegal, prohibited and void and in violation of the Statutes of the State of Illinois, and that said three purported documents and each of them, said purported bill of sale, said purported conditional sales agreement and said purported principal promissory note for the sum of $275 were and are each utterly null and void and destitute of legal effect.''

Paragraph 7 alleges that afterward on July 25, 1932, defendant wrongfully and illegally sold and transferred possession of the automobile to one Phil Grauer, Inc., a corporation, and converted the proceeds thereof to its own use. Paragraph 8 states that by virtue of the premises the sale of the chattel and the de-

livery of the possession of the same to Phil Grauer, Inc., was illegal, wrongful and a conversion of the property of plaintiff; wherefore plaintiff brought suit for the sum of $750 and costs.

Summarizing, it may be said that the statement of claim purports to set up an action for the alleged conversion of personal property, and in connection therewith and in order to avoid the legal effect of the voluntary surrender of the property in question to defendant, avers that such surrender was made in connection with a purported loan, all of which was illegal and void by reason of the violation by defendant of the provisions of the so-called "Small Loans Act," Cahill's St. ch. 74, ¶¶ 27–33 (Smith-Hurd's Ill. Rev. St. 1933, ch. 74, secs. 13–18, pp. 1723–1725.)

Defendant contends that the statement is insufficient, in that there are no averments that defendant exercised any improper influence or used any misrepresentation or compulsion in the transaction. It is urged that plaintiff's actions in the matter as set up in the statement were voluntary; that the statement admits the receipt of $175 and makes no allegation that plaintiff returned the amount or tendered payment of it. It is urged that the statement avers the title to the property was placed in defendant.

These contentions, we think, disregard the theory upon which the statement of claim is framed and the suit brought, namely, that defendant contrived a device or plan to avoid the provisions of the statute designed to protect the people from oppressive exactions in transactions which have to do with the lending of money. A transaction of that kind from the standpoint of the law has in it the elements of duress, in that the lender takes an unlawful advantage of the necessities of the borrower. A usurious and unlawful lending of money may not have in it the quality of actual physical coercion or violence, but in the eye of

the law it is so regarded. *St. John v. Fowler,* 170 N. Y. S. 666; *Schroeppel v. Corning,* 5 Denio (N. Y.) 236. Such an unlawful transaction is regarded as a species of coercion and extortion, and such conduct when practiced with reference to small loans of the kind described in the statute is denounced by it as a criminal transaction, which from its inception is therefore tainted with illegality.

If we assume the allegations of the statement to be true, the transaction described was *ab initio* unlawful and each of the purported papers and documents executed pursuant to the illegal plan void. No payment, tender nor demand was therefore necessary.

It is finally urged that the statement is insufficient to disclose an action based upon the statute, because, as it is said, it does not specifically aver that defendant at the time in question was in the business of making small loans such as are denounced by the statute. The original and first amended statements of claim which appear in the record contained such specific averment, but on defendant's motion both were stricken, upon what grounds does not clearly appear. In support of the contention that such averment is essential and necessary defendant now cites *Turk v. Bender,* 273 Ill. App. 84, which reviews *Raming v. Peyser,* 259 Ill. App. 152, and *People v. Stokes,* 281 Ill. 159, and urges that the statute in question is not applicable to one transaction but only to persons who are engaged in the business of making small loans.

These three cases all hold that the "Small Loans Act," Cahill's 1933 Statutes, ch. 74, ¶¶ 27–33, pp. 1703, 1704, Smith-Hurd's 1933 Statutes, pp. 1723, 1725, applies to one who is engaged in the business of making loans in sums of $300 or less.

In the *Raming* case, *supra,* it was contended that plaintiff, who was claiming $350 for a loan of but $250, had violated the Small Loans Act by failing to obtain

a license as that act requires. Plaintiff, to obviate this contention, argued that the act did not apply to him because he had not obtained a license. We held this was wholly without merit. It was there assumed that the party making the loan was engaged in the business of making loans within the meaning of the Small Loans Act, and what was said in that opinion must be understood in view of the facts in the case. Where one is engaged in the business of making small loans of $300 or less, the act applies. This also was the holding in the *Stokes* case, *supra,* 281 Ill. 159. The court in that case said (p. 161): "It was admitted that plaintiff in error is engaged in the business of loaning money in the City of Chicago in sums less than $300 and that he had no license, as required by the provisions of said act." And it was held the statute was violated although the defendant made but a single usurious loan. To the same effect is the holding in the *Turk* case.

In the instant case the statement of claim charges a violation of the provisions of the Small Loans Act. We think it is sufficient.

As already stated, the action is brought as a fourth class tort action. Section 40 of the Municipal Court Act as amended by the act of July 8, 1931 (see Cahill's St. ch. 37, ¶ 428, Laws of 1931, pp. 420–428) is applicable. Defendant cites *Gillman v. Chicago Rys. Co.,* 268 Ill. 305, but fails to cite the later cases of *Enberg v. City of Chicago,* 271 Ill. 404, and *Sher v. Robinson,* 298 Ill. 181. Neither does defendant cite the prior cases of *Edgerton v. Chicago, R. I. & P. R. Co.,* 240 Ill. 311, and *Schultz v. Ericsson Co.,* 264 Ill. 156. These cases construe said section 40 as it was prior to the amendment. The present section 40 does not seem to require a statement to be made even with the particularity that was required by the former section, and the former section expressly provided that

the plaintiff should not be required to state his cause of action "with the particularity required in a declaration at common law." The provisions of the present section are apparently even much more liberal.

The "Small Loans statutes" have been passed in 36 States of the Union and express a fundamental change in the policies of the States which adopt them with respect to the subject of interest. See Report of the President's Research Committee on "Recent Social Trends," vol. 2, pp. 862 and 1436. The statute is remedial in its purposes and should be liberally construed to the end that the purposes for which it was designed may be accomplished. *Wells v. Indianapolis Co.*, 88 Ind. App. 231, 161 N. E. 687; *Westville & Hamden Loan Co. v. Pasqual*, 109 Conn. 110; *Nicotera Loan Corp. v. Gallagher*, 115 Conn. 102.

We hold the statement of claim was sufficient under the provisions of section 40 of the Municipal Court Act and the rules of the municipal court in force and effect at the time the suit was filed. The statement fully made known to defendant the nature of the case it would be called upon to meet, and the court erred in striking the same from the files.

The judgment is therefore reversed and the cause remanded with directions to the trial court to enter a rule upon defendant to file an affidavit of merits.

*Reversed and remanded with directions.*

O'Connor and McSurely, JJ., concur.