## DOMENICO GALLUZZO
vs.
## EMILIA VILLELLA, ET AL.

Court of Common Pleas    Fairfield County    File #38990

MEMORANDUM FILED JULY 6, 1938.

Finkelstone & Finkelstone, of Bridgeport, for the Plaintiff.

Kenneth Zarrilli, of Bridgeport, for the Defendants.

DWYER, J.    On December 4, 1933, the defendant Emilia Villella made her promissory note for $700 payable to the order of the plaintiff in quarterly instalments of $50, which note was secured by her mortgage of real estate on Newfield Avenue, as appears in volume 662 at page 43 of the Bridgeport Land Records. Payments of principal were made from time to time, reducing the balance thereof to $500, and interest was paid to March 4, 1937. The present action to foreclose the mortgage is based on the default provision contained in the deed and note, as the whole balance is payable for the failure of the named defendant to make payments coming due since March 4, 1937.

The execution and delivery of the note and mortgage are admitted by Mrs. Villella, but she claims that the whole transaction was illegal in its inception and therefore no relief can be given to the plaintiff. The facts on which this claim is made are substantially these: The plaintiff was president and manager of the Etna Loan Corporation, a corporation organized and licensed under the small loan statutes of this state. On October 20, 1931, Mrs. Villella borrowed $300 from the corporation. On January 4, 1932, Frank Villella, her husband, borrowed $300 from the corporation. On May 9, 1932, Mrs.

Villella's loan was paid down to $144 and Mr. Villella's loan was paid down to $204. No payments were made on either loan thereafter until December 4, 1933. Prior to the last mentioned date, Frank Villella was indebted to a relative on a judgment of this Court in the sum of $300 and to another party for a bill for grapes. Frank Villella asked the plaintiff to loan to himself and his wife the sum of $700 to satisfy all of these obligations and on December 4, 1933, the plaintiff delivered four checks totalling $700 to Mrs. Villella, in exchange for the mortgage deed and note. At the office of the lawyer who prepared the papers, the amounts unpaid on the notes to the Etna Loan Corporation were calculated, and the plaintiff for the corporation agreed to accept $348, without interest, in full settlement thereof and Galluzzo's check for this amount was endorsed over to the corporation, which thereupon cancelled both loans. Two similar checks totalling $300 were endorsed over to satisfy the judgment, and one check for $52 was endorsed over to satisfy the bill for grapes and the expenses of the mortgage. Thereafter four payments on principal were made.

The claim of the defendant is that the loans made by the Etna Loan Corporation were illegal, under the decision in *Nicotera Loan Corporation vs. Gallagher,* 115 Conn. 102, and that no instalment payments were made on the loans after that case was decided although the plaintiff, acting for the corporation, tried to induce the defendant and her husband to sign new notes which were refused. This testimony is denied by Galluzzo, who says that the defendant made promises to pay at different times but failed to do so.

Assuming that the Etna Loan Corporation could not have enforced the original notes because of violations of the statutes regulating the small loan business, it does not follow that the plaintiff is to be denied relief in this case. Cases like *DiBiase vs. Garnsey,* 103 Conn. 21 and *Westville & Hamden Loan Co. vs. Pasqual,* 109 id. 110, are not applicable here for the reason that they touch upon the unenforceability of the original contract, holding that a small loan company will not be permitted to enforce its contracts unless it has complied with the requirements of the statutes governing them. Reference is frequently made to *Phelan vs. Clark,* 19 Conn. 421, wherein the Court says that a plaintiff may not recover if he requires any aid from an illegal transaction, but the same case points out that if the cause of action be unconnected with

an illegal agreement and founded upon a distinct and collateral consideration, a recovery may be had.

In this case, the plaintiff advanced $700 of his own money at the request of the defendant, thus furnishing a valuable consideration for the mortgage. Mrs. Villella knew, when the mortgage papers were executed and when the checks were endorséd by her, that she was paying the loans due to the Etna Loan Corporation and that she was negotiating a loan for $700. It is inconceivable that the plaintiff would offer to loan the defendant enough money to pay the judgment if, prior thereto, the defendant and her husband had sought to escape payment of the loans to the Etna Corporation on the ground of illegality.

It is more plausible to conclude that the plaintiff acceded to the request of the defendant for a loan of $700 with which the defendant and her husband would be able to satisfy and consolidate their varied outstanding obligations. The fact that some of the money went to the payment of illegal obligations held by a company in the business of which the plaintiff was in active charge does not alter the fact that there was a distinct and collateral consideration for the note and mortgage executed on December 4, 1933. The knowledge of Galluzzo that the earlier notes were not enforceable in law, if found to have been established, would not affect or taint the transaction into which he was led by the defendant and her husband. The allegations of 7th paragraph of the third special defense have not been established.

The claims of law made in the brief filed on behalf of the defendant are not considered applicable in view of the conclusions of fact stated herein.

The issues on the complaint are found in favor of the plaintiff and the issues on the first and second special defenses are likewise found in favor of the plaintiff. The issues on the third special defense, as stated hereinabove, are found in favor of the plaintiff.

Judgment of strict foreclosure may be entered, it being found that the mortgage debt is $540.32, and, by agreement of the parties, the law day for the defendant Villella is fixed as of May 1, 1939 and May 8, 1939 for defendant Politano and $50 is found to be a reasonable allowance for attorney's fees.