RAMÓN MORÁN & Co., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, C. LLAUGER DÍAZ, JUDGE, Respondent.

No. 1186. Argued January 8, 1940.—Decided April 18, 1940.

*C. Iriarte, F. Fernández Cuyar* and *H. González Blanes* for petitioner. *George A. Malcolm, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for The People of Puerto Rico, intervener and plaintiff in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the court.

ON MOTION FOR RECONSIDERATION

This is a certiorari case decided on November 22, 1938, to which The People of Puerto Rico was a party as intervener. *Ramón Morán & Co.* v. *Court,* 55 P.R.R. 618.

On November 29, 1939, the intervener moved the court to reconsider its decision and enlarged its petition on the 11th of the following December. The ground for its motion was that as a decision had been rendered in *Porto Rico Fertilizer Co.* v. *Treasurer,* 50 P.R.R. 389, July 23, 1936, the conclusion therein as to the officer upon whom devolved the commencement of the action provided for in section 57(*b*) of Act No. 74, (Session Laws of 1925, pp. 400 and 414), was the law to which the Treasurer had to conform in filing his complaint against the petitioner, in accordance with the doctrine laid down in *A. Cuesta & Cia.* v. *Sancho Bonet, Treasurer,* 54 P.R.R. 82, where a study of Act No. 74, *supra,* shows that this court was right in *Porto Rico Fertilizer* v. *Treasurer, supra,* in deciding that it was the province of the Treasurer of Puerto Rico to bring suits for the collection of the tax involved, for which reason he should not have rectified but rather ratified his theory. At the hearing of the motion a written opposition was filed by the petitioner. Its reasoned opposition reveals a wide and careful consideration of the matter.

█ The question as to whether it devolved upon the Treasurer of Puerto Rico to commence the action provided for in section 57(*b*) of Act No. 74, *supra,* was not the fundamental issue in *Porto Rico Fertilizer Co.* v. *Treasurer, supra.* What was therein said was merely a statement made in the course of the opinion, a conclusion reached without even a discussion by the parties upon the point, and the scope to be given to such expression of judicial opinion is defined by the Supreme Court of United States in *Cohens* v. *Virginia,*

6 Wheat. 264, 399. In the opinion of the court delivered by Mr. Chief Justice Marshall, he expressed himself as follows:

"It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles, which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

■ As to the second ground, we must say that a further study of the law made by us in the light of the jurisprudence shows that the decision of the question as the fundamental one in this certiorari case was correct.

Great stress is laid by the intervener upon the similarity existing between the provisions of our income tax law—Act No. 74, *supra*,—and the Federal one on the subject, and upon the fact that the regulations issued by the administrative authorities for the execution thereof, the Treasurer of this Island and the Federal Commissioner of Internal Revenue, are invested respectively with the duty of bringing the action.

However, although such is the case and although the same Federal law of 1924 was subsequently amended in its pertinent part as follows: "The Commissioner may, within one year from the time the decision is rendered, begin a proceeding in court for the collection of any part of the amount disallowed by the Board (Sec. 283 (*j*) of the Revenue Act of 1926, 44 Stat. 63)", the Circuit Court of Appeals, Eighth Circuit, in *St. Louis Union Trust Co.* v. *United States*, 82 F. (2d) 61, 63, held as follows:

"Was the suit properly brought in the name of the United States?

"The suit was brought pursuant to section 283(*j*) of the Revenue Act of 1926, 44 Stat. 63, which contains the following language: 'The Commissioner may, within one year from the time the decision is

rendered, begin a proceeding in court for the collection of any part of the amount disallowed by the Board.'

"Appellant contends that this language requires the action to be brought in the name of the Commissioner. We think this contention cannot be sustained. The language quoted merely authorizes the Commissioner to start a proceeding in Court for the collection of the amount.

"Section 919, Revised Statutes (28 U.S.C.A. sec. 732), is pertinent. It reads: 'Sec. 919. All suits for the recovery of any duties, imposts, or taxes, or for the enforcement of any penalty or forfeiture provided by any Act respecting imports or tonnage, or the registering and recording or enrolling and licensing of vessels, or the internal revenue, or direct taxes, and all suits arising under the postal laws, shall be brought in the name of the United States.'

"Sections 3213 and 3214, R. S. (26 U.S.C.A. secs. 1640, 1644, 1645 (a, c), are instructive by analogy. The latter section reads in part as follows: 'Sec. 3214. No suit for the recovery of taxes, or of a fine, penalty, forfeiture, shall be commenced unless the Commissioner (of Internal Revenue) authorizes or sanctions the proceedings.' (26 U.S.C.A. sec. 1640.)

"This latter section, we think, expresses the clear purpose of the second sentence of section 283(j).

"Furthermore, the Commissioner was not the real party in interest; he was not, under said section, a collecting officer. He was simply a supervisory medium to determine the necessity of the suit. See *United States* v. *Gordin* (D. C.), 287 F. 565; *Attorney General* v. *Rumford Chemical Works* (C. C.), 32 F. 608, 623.

"Section 283(j) did not change the general law requiring suits for the collection of taxes to be brought in the name of the United States. The section simply preserved the respective existing rights of the taxpayer and of the Government.

"We hold that the suit was properly brought in the same of the United States."

The motions for reconsideration filed by the intervener must be denied.