KATHERINE MCGOLDRICK, Plaintiff, *v.* FAMILY FINANCE
CORPORATION, Defendant.

Supreme Court, Special Term, New York County, July 23, 1940.

S. *Lander*, for the plaintiff.

P. *Klein*, for the defendant.

BENVENGA, J.   This is a motion for judgment on the pleadings. It is undisputed that on June 17, 1938, the plaintiff borrowed $100 from the defendant, a licensed lender authorized to do business in this State.   Thereafter, on December 7, 1939, the plaintiff increased the loan to $140.   Meantime, on September 29, 1938, a Mr. Golden borrowed $180 from the defendant.   On this loan the plaintiff became a comaker, executing a promissory note for the amount of the loan, and also an assignment of wages as security for its repayment.   Thereafter, on February 24, 1940, Golden having defaulted, the defendant filed with plaintiff's employer the assignment of wages theretofore executed by the plaintiff.

The question presented is whether the defendant, under the circumstances, has been guilty of a violation of section 352 of the Banking Law, which, so far as pertinent, provides that no licensee shall induce or permit any borrower " to be *indebted* to him under more than one contract or loan at the same time."   Concededly, if the defendant violated this provision of the Banking Law, the contract is void and the plaintiff is entitled to judgment.   Clearly, when the plaintiff became a comaker for Golden, executing a promissory  note and the wage assignment as security for the loan, she became indebted to the defendant under more than one contract or loan at the same time; that is, on her own previous contract or loan, and on the Golden contract or loan.   The argument that, to constitute a violation of the Banking Law, the plaintiff must be a " borrower " under more than one contract or loan, is untenable. It suffices, to paraphrase the language of the statute, if the plaintiff has become indebted to the defendant under more than one contract or loan at the same time.   (Cf. *Westville & Hamden Loan Co.* v. *Pasqual*, 109 Conn. 110; 145 A. 758.)

It is not disputed that the plaintiff executed two assignments of wages as security for the repayment of loans; one for the loan previously made to her, and the other for the loan made to Golden. That the plaintiff thus became indebted to the defendant under more than one contract or loan seems obvious. As a matter of fact, the defendant is now collecting a percentage of the plaintiff's salary under the wage assignment executed at the time the Go.den loan was made. That the defendant has not filed the other wage assignment with the plaintiff's employer is beside the point. It cannot be denied that the plaintiff was indebted to the defendant on the loan made to her when this wage assignment was executed.

The motion is accordingly granted.