IDEAL FINANCING ASSOCIATION *vs.* JEANETTE W. LABONTE ET AL.

MALTBIE, C. J., HAINES, HINMAN, AVERY and FOSTER, Js.

Argued May 10th—decided June 27th, 1935.

*Ephraim Edward Sinn* and *Louis Feinmark,* for the appellants (defendants).

*Abraham S. Ullman,* with whom, on the brief, was *Albert M. Herrmann,* for the appellee (plaintiff).

AVERY, J.  This action was brought by the plaintiff, a corporation duly licensed to conduct a small loan business under the provisions of General Statutes, Chapter 213, as amended Cum. Sup. 1933, §§ 1080b to 1085b, seeking to recover a balance due on a joint and several note of the defendants, husband and wife, dated September 13th, 1933, in the original amount of $300.

The facts found by the court with such corrections as the defendants are entitled to are substantially as follows: On September 13th, 1933, the defendants executed their promissory note whereby they jointly and severally promised to pay to the order of the plaintiff

the sum of $300 in twenty equal monthly instalments of $15 each with interest at the rate of 3% per month on the unpaid balance. The note contained a provision that if default should be made in any payment of principal or interest, the entire principal should immediately become due and payable. At the same time, the defendants executed and delivered to the plaintiff a chattel mortgage. This was not recorded or used by the plaintiff in any way before or during the trial of the case. This mortgage contained an agreement to pay "any expense which the lender has incurred or contracted for in reclaiming said goods and chattels, including reasonable attorney's fees and costs," etc. The plaintiff also delivered to the defendants two statements of loan wherein this chattel mortgage security was designated "C. M." The defendants failed to pay the monthly instalments becoming due on January 13th and February 13th, 1934.

At the trial, the chattel mortgage was offered in evidence by the defendants for the limited purpose of showing "that the security was not properly stated in the book given to the borrower." The case was tried to the court. Upon the close of the evidence defendants, by their attorney, argued the facts and stated their claims of law. No reference was made by them to the provision in the chattel mortgage concerning the cost of collection nor was that matter stated as a defense in the pleadings. Judgment was entered on May 9th. Two days later the defendants filed a written motion to reopen the judgment "for the purpost of allowing argument on the question of law as to the effect of the presence in the chattel mortgage given as security for the loan sued on of a clause allowing the collection of attorney's fees." The motion to reopen was granted by the court and reargument had. In the course of reargument, counsel for plaintiff

objected that the question was not raised by the pleadings. Thereafter, the court affirmed the original judgment on the ground, as stated in its memorandum, that the matter raised by the motion to reargue should have been pleaded by way of special defense, and this course not having been taken the court could not consider it. On the following day, the defendants filed written motions to reopen the case and for permission to file an amendment to the amended answer, setting up the defense that the taking of the chattel mortgage as security and the provision therein that in the event the goods mortgaged were reclaimed, the plaintiff would be entitled to reasonable attorney's fees, rendered the note void and unenforceable because contrary to the provisions of the small loans law as amended, Cum. Sup. 1933, § 1084b. These motions were denied and the trial court stated, in its memorandum, that it did not feel that the defendants were entitled at this stage to have the judgment again reopened after previously having had full opportunity to offer a proper amendment.

Numerous assignments of error are made, but it is necessary to discuss only the one relating to the action of the trial court in refusing to reopen the judgment and allow the defendants to file an amended answer setting forth the invalidity of the loan by reason of the chattel mortgage given to secure it, and the provision therein for the payment of attorney's fees. At the trial, no claim was made that the loan was void for this reason. The chattel mortgage was introduced for another purpose, but the trial court has found that it is undisputed that at the time this loan was made this chattel mortgage was given and the mortgage itself, containing the provision for attorney's fees, was in evidence and before the court. Under our practice, illegality not apparent on the face of the pleadings

must be specially pleaded. Practice Book, § 104; *Hendrick* v. *Lowe*, 85 Conn. 635, 638, 84 Atl. 89; *Wiggin* v. *Federal Stock & Grain Co.*, 77 Conn. 507, 514, 59 Atl. 607. At the time that the note in question was given, the amendment to the Small Loans Act adopted in 1933, Cum. Sup. § 1084b, was in effect. This provided: "In addition to the interest herein provided for, no further or other charge or amount for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for or received. * * * If interest or any other charge in excess of those provided by the provisions of this chapter shall be charged, contracted for or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges. * * * No licensee shall grant any loan other than on personal security, except that an assignment of order for the payment of any salary or wages of the borrower may be taken as security in the manner provided by section 4080." The Legislature, having forbidden any such loan upon other than personal security or the assignment of wages and, in addition, having prohibited the making of charges, fees and demands in addition to the interest provided for, the lender has undertaken to contract for that which under the statute renders the note void. *Consolidated Plan of New Jersey, Inc.* v. *Shanholtz,* 147 Atl. (N. J.) 401, 402; *Seaboard Security Co.* v. *Jones,* 40 Ga. App. 710, 151 S. E. 412. The Small Loans Act prescribes certain regulations for those who conduct business under its provisions. Failure on the part of the lender to comply with these regulations renders the loan unenforceable. *Westville & Hamden Loan Co.* v. *Pasqual,* 109 Conn. 110, 114, 145 Atl. 758; *Nicotera Loan Corporation* v. *Gallagher,* 115 Conn. 102, 105, 160 Atl. 426; *Atta* v. *Bergin,* 120 Conn. 152, 180

Atl. 298. Upon proper pleadings, this defense would have been a bar to the action.

It follows that by reason of the failure of the defendants to specially plead this defense, judgment has resulted in favor of the wrong party. The judgment in this case was entered on May 9th and the motion to reopen and reargue was promptly filed on May 11th in the same term. This motion was granted and the cause reargued. The trial court, on June 5th, having reaffirmed the original judgment, the defendants promptly, on the following day and at the same term of court at which the judgment was re-entered, filed their motion to reopen and file an amendment setting forth the invalidity of the contract. It is a general rule of the law that all judgments are under the control of the court which pronounced them during the term at which they are rendered or entered of record, and they may then be set aside or modified by that court. *Bronson* v. *Shulter,* 104 U. S. 410, 415; *Thompson* v. *Towle,* 98 Conn. 738, 741, 120 Atl. 503; *Hall* v. *Paine,* 47 Conn. 429, 430. The opening or vacating of a judgment during the term at which it is rendered is at the legal discretion of the court. *Tyler* v. *Aspinwall,* 73 Conn. 493, 497, 47 Atl. 755. "While such a motion should not be readily ,granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 Atl. 114; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 Atl. 224. In *Clayton* v. *Clayton,* 115 Conn. 683, 686, 163 Atl. 458, in considering the ruling of the trial court on an amendment offered during trial, we said: "When an amendment is offered during the trial to remedy a situation due to mispleading, the circumstances of the particular case must largely govern the disposition of the matter, such

as an unreasonable delay in the disposition of the case, fairness to the opposing party, who may have been misled or taken unawares, confusion of the issues, negligence of the party offering the amendment, and the like." In the instant case, if the amendment is allowed, there would seem to be a complete defense to the action; to refuse it and allow the judgment to stand would apparently result in a miscarriage of justice. Under the circumstances, the defendants having moved promptly as soon as the court ruled that the defense, to be available, must be specially pleaded, the court should have reopened the case and allowed the amendment.

There is error; the cause is remanded to the Court of Common Pleas with directions to reopen the case and allow the defendants to file the amendment to their answer and for further proceedings in accordance with law.

In this opinion the other judges concurred.