[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action concerns an insurance coverage dispute between the plaintiff, Heyman Associates No. 1, an owner of commercial real estate, and its liability insurers, the Insurance Company of the State of Pennsylvania ("ISOP") and National Union Fire Insurance Company of Pittsburgh ("National"). On June 21, 1991, the plaintiff filed a six-count complaint which sought to obtain, inter alia, compensation from the defendant insurers for expenses and liabilities that the plaintiff incurred as a result of an accidental fuel oil spill. The defendants denied coverage based on "absolute pollution exclusion" clauses contained in the parties; liability insurance policies:
On October 1, 1991, the plaintiff filed a motion for partial summary judgment (#114). The defendants filed a cross-motion for summary judgment (#115.50) on October 28, 1991. On February 25, 1993, this court (Dunn, J.) denied the plaintiff's motion for partial summary judgment, and granted summary judgment in favor of the defendants on counts one, two, four and five of the plaintiff's complaint. The plaintiff now seeks to "Open Judgment and/or Reargue" the court's decision on the following grounds: (1) that the absolute pollution exclusions in question were neither filed with nor approved by the state of Connecticut Commissioner of Insurance, and (2) that the court granted summary judgment in favor of the defendants on counts one, two, four and five, and the plaintiff had moved for partial summary judgment on counts one, two and three. Hence plaintiff argues that the court should have ruled on count three, and not on counts four and five.
There is no Practice Book rule or statutory provision authorizing a motion for reargument in the superior court. Steele v. Town of Stonington, 5 Conn. L. Rptr. 13 (September 19, 1991, Mihalakos, J.); Foote v. Campbell Soup Co., 4 CSCR 326 (March 3, CT Page 4982 1989, Kulawiz, J.), aff'd, 120 Conn. App. 814 (1989). Nevertheless, the courts have entertained such a motion. See, e.g., Ideal Financing Association v. LaBonte, 120 Conn. 190, 195, 180 A. 300
(1935). As a practical matter, such a motion is within the trial court's discretion. See Lapuk v. Blount, 2 Conn. Cir. Ct. 271, 283, 198 A.2d 233 (App.Div. 1963), cert. denied, 151 Conn. 726
(1963).
"`While such a motion should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the Court acting reasonably would feel bound in duty to do so.'" (Citations omitted.) Ideal Financing Association v. LaBonte, supra, 195. "It is axiomatic that the plaintiff bears the burden of proof in establishing the authority for his requests and that he is entitled to the relief requested." Koper v. Koper, 2 CSCR 1151 (October 5, 1987) Stengel, J.). A motion to reargue should be entertained sparingly and granted only to prevent in justice. See Lapuk v. Blount, supra, 283.
A motion to open a civil judgment is governed by Practice Book 326 and General Statutes, 52-212a. The motion must be filed within four months of the issuance of judgment. Id.; Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 710,462 A.2d 1037 (1983). "After this four month period has expired, the court no longer has jurisdiction to make other than clerical modifications or corrections." DiSimone v. Vitello, 6 Conn. App. 390,397, 505 A.2d 745 (1986) citing Van Mecklenburg v. Pan American World Airway, Inc., 196 Conn. 517, 518, 494 A.2d 549
(1985). However, absent a claim of subject matter jurisdiction, the rules of practice allow substantive modifications beyond the four month period "where the parties have consented or where the court has continuing jurisdiction." DiSimone v. Vitello, supra, 392; Practice Book 326. "`"While such a motion should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." (Citations omitted.)'" Steve Viglione Sheet Metal Co. v. Sakonchick, supra, 710-711, quoting Ideal Financing Association v. LaBonte, supra. The plaintiff filed its motion within the requisite four-month period.
A. Filing with the Commissioner of Insurance
In support of its motion to open and/or reargue, the plaintiff contends that the defendants' absolute pollution exclusions were neither filed with nor approved by the State of CT Page 4983 Connecticut Commissioner of Insurance, and that such filing and approval are required by state law. The plaintiff also argues that it requested an opportunity to conduct additional discovery on the filing issue, and that its attempts to secure information from the Commissioner of Insurance were not completed prior to the time that the parties' motions for summary judgment were argued.
The plaintiff now contends that as of March 10, 1993, the Commissioner could find no evidence that the defendants' absolute pollution exclusions were either filed with or approved by the Commissioner. (See March 10, 1993 affidavit of Carol Ljungquist, submitted in support of the plaintiff's motion to reargue.) The plaintiff now argues that the defendants' absolute pollution exclusions are not legally operative because the defendants failed to file them with the Department of Insurance, as required by General Statutes 38a-676, et seq.
In its reply memorandum of law (#121) filed on December 6, 1991, the plaintiff raises the following arguments:
 Even if this Court does not grant Heyman's motion far partial summary judgment, defendants' cross-motions [sic] for summary judgment should be denied to permit Heyman to conduct discovery. In the absence of partial summary judgment for Heyman at this timer discovery is necessary so that Heyman can: (1) establish the intent of the drafters of the exclusions at issue; (2) prove the latent ambiguity in the policies; (3) determine the representations made by defendants, or their agents, in marketing the exclusions or in submitting them to state insurance officials; and (4) to determine the actual terms of the National Union policy. Favorable factual development of any of these issues would allow Heyman to prevail in this action for insurance coverage.
(Plaintiff's reply memorandum of law in support of its motion for partial summary judgment at page 37.)[1] The plaintiff makes another reference to the filing issue when it argues that:
 Heyman is entitled to conduct discovery of representations made by defendants in marketing the exclusion at issue or in filings with state CT Page 4984 insurance regulators, including the Connecticut Insurance Department.
(Plaintiff's reply memorandum of law at page 50.)
The plaintiff first moved for summary judgment on October 1, 1991, and in so doing, the plaintiff represented to the court that no genuine issues of material fact existed, and the court could treat the issue of contractual interpretation as a question of law. Thus, the parties' respective motions for summary judgment address the same issues. Therefore since the basis of any motion for summary judgment is the absence of any material facts as to the issues addressed, the plaintiff cannot state that no material issues of fact exist as to its motions and conversely, state that it needs to conduct further discovery as to the defendants' cross-motion on the same issues. In such a situation, what remains to be argued is the issue of which party is entitled to summary judgment as a matter of law.
While the plaintiff might have experienced difficulties in obtaining discovery with respect to the issue of whether the defendants filed their absolute pollution exclusion clauses with the Department of Insurance (see affidavit of Carol Ljungquist, dated September 23, 1992), the plaintiff did not raise the filing issue in any of its memoranda in support of its motion for summary judgment or in opposition to the defendants' cross-motion for summary judgment. The plaintiff discusses the filing and approval requirements of General Statutes 38a-676 for the first time in its motion to reargue, dated March 12, 1993.[2] (The plaintiff's motion for summary judgment was filed on October 1, 1991, and the court rendered its decision on the parties' motions on February 25, 1993.) Section 38a-676 is not a newly enacted statute, and therefore, the plaintiff could have raised the filing and approval issues on its original motion for summary judgment. Thus, by failing to raise the legal issues of filing and approval (pursuant to General Statutes 38a-676) which existed at the time that the plaintiff filed its motion for summary judgment, the plaintiff has waived these issues for consideration by the court.
After the Department of Insurance failed to timely respond to the plaintiff's letters (See Ljungquist's affidavit dated September 23, 1992), the plaintiff' sought to obtain the requested information by way of an FOIC hearing. There were other methods of discovery available to the plaintiff for obtaining the filing and approval information from the Department of Insurance CT Page 4985 in a more timely fashion.[3] Thus, the plaintiff was responsible for completing its discovery before it moved for summary judgment, and its failure to do so does not constitute grounds for reopening or rearguing the parties' respective motions for summary judgment.
B. Summary Judgment: Explanation of the Court's Decision
The plaintiff's motion for partial summary judgment (#114) reads as follows:
 Pursuant to Practice Book 378 et seq., the plaintiff, Heyman Associates No. ("Heyman"), hereby moves that the Court grant partial summary judgment and declare that: (1) that defendants Insurance Company of the state of Pennsylvania ("ISOP") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), are obligated under either or both of their insurance policies to pay on behalf of Heyman's property into Stamford Harbor; (2) that ISOP and National Union have waived any purported defenses to coverage as a result of their untimely denials of coverage; and (3) that National Union violated the Connecticut Unfair Insurance Practices Act and the Connecticut Unfair Trade Practices Act.
The defendants' cross-motion for summary judgment (#115.50) states:
 Pursuant to Practice Book 378 et seq., the Defendants, Insurance Company of the State of Pennsylvania ("ISOP") and National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union"), hereby move that the Court grant their Cross-Motion for Summary Judgment and declare that Defendants have no obligation to provide coverage for defense and/or indemnity costs that Heyman Associates has or will incur in connection with the fuel oil spill from Heyman Associates' property in the Stamford Harbor, Stamford, Connecticut.
Both parties' motions fail to specifically identify the counts upon which they sought summary judgment. However, upon CT Page 4986 reading the parties' memoranda of law, it was apparent that the parties sought summary judgment on the first count of the plaintiff's complaint (in which the plaintiff sought a declaration with respect to coverage under the defendants' insurance policies) and the second count of the complaint (in which the plaintiff alleged that the defendants waived their defenses to coverage).
With respect to the parties' motions for summary judgment on the plaintiff's causes of action pursuant to the Connecticut Unfair Insurance Practices Act ("CUIPA") and the Connecticut Unfair Trade Practices Act ("CUTPA"), neither the plaintiff nor the defendants specified the counts upon which they were seeking summary judgment. Based upon the parties' memoranda in support of their respective motions, it was clear that both parties made their respective arguments based upon General Statutes 38a-815 and 38a-816. The plaintiff asserts causes of action pursuant to 38a-815 and 38a-816 in the fourth and fifth counts of its complaint. In support of its motion to reargue, the plaintiff now contends: (1) that its motion for partial summary judgment (#114) sought judgment on the third count; (2) that the third count of its complaint states a cause of, action pursuant to CUIPA; and (3) that the court erred because it. treated the parties' respective motions for summary judgment as seeking judgment on the fourth and fifth counts.
The relevant paragraphs of the plaintiff's third count provide that:
 28. After Plaintiff protested the alleged cancellation of its coverage, on or about May 16, 1991, Defendant National Union informed Plaintiff that the original National Union policy had been extended by endorsement, thereby making the notice of cancellation ineffective.
 29. Defendant National Union's wrongful attempts to alter and to cancel insurance policies subsequent to notification of a claim from their policyholder constitute breach of contract, misrepresentation, and violations of common law as well as C.G.S. Section 38a-321, all to the harm and detriment of the Plaintiff.
The relevant paragraph of the plaintiff's fourth count provide that: CT Page 4987
 32. At all times pertinent hereto, defendants were prohibited by Sections 38a-815
and 38a-816, including 38a-816(6) of the Connecticut General Statutes from engaging in unfair, deceptive, or misleading acts or practices in the business of insurance.
 33. Defendants are engaging in the State of Connecticut, with such frequency as to indicate a general business practice, in a course of unfair and deceptive acts and practices in the business of insurance in violation of C.G.S. Sections 38a-815 and 38a-816, including 38a-816 (6). These acts and practices include but are not limited to: any of the conduct alleged in this complaint, including but not limited to wrongful attempts to alter and to cancel Plaintiff's insurance policies; the response to Plaintiff's notice and claims for coverage; misrepresentations as to the terms, facts, conditions, and provisions of insurance policies; false advertising; false information and/or advertising generally; and/or unfair claims settlement practices pursuant to any of the paragraphs 38a-816 (6), including but not limited to failure to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies.
. . . .
 35. Defendants' conduct as aforesaid may also violate C.G.S. Section 42-110a, et seq., and Plaintiff has sustained harm and damages as a consequence of Defendants' unfair, deceptive, or misleading acts and practices.
The relevant paragraphs of the plaintiff's fifth count provide that:
 38. At all times pertinent hereto, Defendants were prohibited by Sections 38a-815
and 38a-816, including 38a-816(1) and 38a-816(2) CT Page 4988 of the Connecticut General Statutes in engaging in unfair, deceptive, or misleading acts or practices in the business of insurance.
 39. Defendants are engaging in the State of Connecticut, in unfair and deceptive acts and practices in the business of insurance in violation of C.G.S. Sections 38a-815 and 38a-816, including 38a-816(1) and, 38a-816(2). These acts and practices include but are not limited to any of the conduct alleged in this complaint, including but not limited to wrongful attempts to alter and to cancel Plaintiff's insurance policies; the response to Plaintiff's notice and claims for coverage; misrepresentations as to the terms, facts, conditions, and provisions of insurance policies; false advertising; and/or false information and/or advertising generally.
. . . .
 41. Defendants' conduct as aforesaid may also violate C.G.S. Section 42-110a et seq., and Plaintiff has sustained harm and damages as a consequence of Defendants' unfair, deceptive, or misleading acts and practices.
The fourth and fifth counts both state causes of action pursuant to CUIPA and CUTPA. Contrary to the plaintiff's contention, the third count does not state a cause of action pursuant to CUIPA, as an alleged violation of General Statutes38a-321 does not give rise to a CUIPA cause of action.[4]
Thus, the court did not err in granting summary judgment in favor of the defendants on the fourth and fifth counts because: (1) the parties' respective motions for summary judgment failed to specifically identify the counts upon which they sought judgment; (2) the parties' motions sought summary judgment on the plaintiff's CUIPA and CUTPA claims (3) the fourth and fifth counts of the plaintiff's complaint clearly state causes of action pursuant to CUIPA and CUTPA; and (4) the plaintiff's third count does not state a cause of action pursuant to either CUIPA or CUTPA. CT Page 4989
The plaintiff's motion to "open judgment and/or reargue" is denied because:
 (1) the plaintiff failed to raise the filing and approval issues pursuant to General Statutes 38a-676 in its memoranda in support of its motion for summary judgment and in opposition to the defendants' cross-motion for summary judgment, and by so doing, waived these issues for consideration by the court; and
 (2) the court properly entered summary judgment on those counts in the plaintiff's complaint which contained CUIPA and CUTPA causes of action.
DUNN, J.