[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE #133
The court (Petroni, J.), granted the plaintiffs' motion for disclosure of assets on January 3, 1995. The defendants, Fairchild Finance Corp. (Fairchild) and Charles P. Lemieux, III, filed a motion to reargue on January 10, 1995, alleging that the court CT Page 4169 misinterpreted General Statutes § 52-278n when it ruled that the defendants had waived their right to a hearing on the matter by allegedly signing a commercial waiver. The defendants argue that the provisions of § 52-278n, concerning the disclosure of assets, are not within the provisions waived by a commercial waiver pursuant to § 52-278f. they [They] further contend that the court's January 3, 1995 ruling deprived it of its constitutional due process rights without a hearing.
Practice Book § 204B recognizes a motion to reargue. "The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted. If the judge grants the motion, the judge shall schedule the matter for hearing on the relief requested." Practice Book § 204B(c). "`[A] motion [to reargue] should not be readily granted nor without strong reasons, [but] it ought to be [granted] when there appears cause for which the court acting reasonably would feel bound in duty so to do.'" Ideal Financing Association v. LaBonte, 120 Conn. 190,195, 180 A. 300 (1935).
General Statutes § 52-278f provides for a defendant to waive the right to a probable cause hearing on the issue of a prejudgment remedy. It reads in part: "In an action upon a commercial transaction . . . wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order. . . ."
The explicit limitation of a commercial waiver range from § 52-278a through § 52-278g. The provision addressing a motion for disclosure of assets is § 52-278n. It provides in pertinent part:
 (a) The court may, on motion of a party, order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location and extent of the defendant's interest in such property or debts shall be subject to disclosure. The form and terms of disclosure shall be determined by the court. . . . (c) The court may order disclosure at any time prior to final judgment after it has determined that the party filing the motion CT Page 4170 for disclosure has, pursuant to section 52-278d, 52-278e or 52-278i, probable cause sufficient for the granting of a prejudgment remedy. . . ."
The Connecticut Appellate Court approved of an ex parte granting of a prejudgment remedy where the note contained a commercial waiver in Connecticut National Bank v. Investors Capitalcorp. [Corp.], 29 Conn. App. 48, 613 A.2d 1370, cert. denied,224 Conn. 902, 615 A.2d 1044 (1992). Notwithstanding this valid commercial waiver, the trial court, Fracasse, J., conducted a subsequent hearing on the plaintiff's motion to compel disclosure of the defendant's assets. Id., 52.
A commercial waiver filed pursuant to § 52-278f does not necessarily include a waiver of a right to a hearing concerning the disclosure of assets pursuant to § 52-278n. The court, therefore need not decide the constitutionality of the ex parte provisions governing prejudgment remedies now. The court grants the motion to reargue and orders an evidentiary hearing to be held on whether the plaintiffs are entitled to disclosure of the defendants assets.
PETRONI, JUDGE