JOSEPH GRIGERIK *v.* GARY SHARPE
(AC 15099)

Landau, Spear and Shea, Js.

Argued October 28, 1999—officially released January 4, 2000

*Lorinda S. Coon*, with whom, on the brief, was *Elizabeth Fairbanks Flynn*, for the appellants (defendants).

*Timothy Brignole*, for the appellee (plaintiff).

*Opinion*

SHEA, J. When this appeal was before this court the first time, we reversed the judgment of the trial court awarding damages to the plaintiff landowner on the negligence count of the complaint pursuant to a jury verdict on that count against the defendants, Gary Sharpe and Angus McDonald-Gary Sharpe and Associates, Inc. The defendants had been employed by the plaintiff's grantor to perform percolation tests on his land for the purpose of obtaining a building permit. The plaintiff's grantor later sold the land to the plaintiff, Joseph Grigerik. *Grigerik* v. *Sharpe*, 45 Conn. App. 775, 699 A.2d 189 (1997), rev'd, 247 Conn. 293, 721 A.2d 526 (1998). We upheld the defense of the statute of limitations pleaded by the defendants because the action had not been commenced within two years of the date when the negligence of the defendants was discovered or should have been discovered, as provided

by General Statutes § 52-584.[1] We rejected the plaintiff's claim that the applicable statute of limitations was General Statutes § 52-584a,[2] which allows actions to be brought against architects and professional engineers within seven years after substantial completion of an

[1] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[2] General Statutes § 52-584a provides: "(a) No action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of, or land surveying in connection with, an improvement to real property; (B) for injury to property, real or personal, arising out of any such deficiency; (C) for injury to the person or for wrongful death arising out of any such deficiency, or (2) for contribution or indemnity which is brought as a result of any such claim for damages shall be brought against any architect, professional engineer or land surveyor performing or furnishing the design, planning, supervision, observation of construction or construction of, or land surveying in connection with, such improvement more than seven years after substantial completion of such improvement.

"(b) Notwithstanding the provisions of subsection (a) of this section, in the case of such an injury to property or the person or such an injury causing wrongful death, which injury occurred during the seventh year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than eight years after the substantial completion of construction of such an improvement.

"(c) For purposes of subsections (a) and (b) of this section, an improvement to real property shall be considered substantially complete when (1) it is first used by the owner or tenant thereof or (2) it is first available for use after having been completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first.

"(d) The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in

improvement to real property. The Supreme Court, after granting certification to appeal, reversed our decision with respect to the applicable statute of limitations and upheld the plaintiff's claim that the proper statute to be applied was § 52-584a, which allows seven years after substantial completion of an improvement to bring an action for negligence against professional engineers, such as the defendants.[3] The plaintiff had satisfied that requirement. The Supreme Court, therefore, remanded the case to this court with direction to consider the defendants' claim that the trial court had abused its discretion in permitting the plaintiff to amend his complaint to add further specifications of negligence after the jury had been selected.[4] *Grigerik* v. *Sharpe*, 247 Conn. 293, 309–18, 721 A.2d 526 (1998).

The negligence count of the original complaint alleged that the defendant Sharpe was negligent in performing the site plan work for the property purchased by the plaintiff in one or more of the following ways: (a) he failed to perform percolation tests at the subject property; (b) he indicated that a percolation rate test of approximately 13.3 minutes per inch or less was

such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring action."

Section 52-584a was amended in 1998 for purposes not relevant to this opinion. We refer in this opinion to the current revision for convenience.

[3] The Supreme Court also reversed the judgment of this court on the contract count. This court had reversed the judgment of the trial court, pursuant to the verdict on that count, that the plaintiff was a third party beneficiary of the contract between the defendant engineer and the plaintiff's grantor, who had employed the defendant to perform percolation tests on the land for the purpose of obtaining a building permit. *Grigerik* v. *Sharpe*, 247 Conn. 293, 309–18, 721 A.2d 526 (1998). The Supreme Court held that the plaintiff had no direct relationship with the defendant entitling him to enforce that contract. Id., 317. The remand relating to that count directs this court to remand it to the trial court with direction to render judgment for the defendants on that count. Id., 318.

[4] The defendants raised the amendment issue before this court, but our disposition of the negligence count in favor of the defendants on the ground of the statute of limitations rendered consideration of that issue superfluous.

obtained at the subject property; (c) he failed to utilize the services of trained servants and employees in physically performing said percolation rate tests; and (d) he failed to supervise properly servants and employees retained by him to physically perform said percolation rate tests.

The plaintiff's motion to amend the complaint, which the trial court granted, added the following specifications of negligence as to the defendant Sharpe and the defendant corporation, which had been joined as an additional party earlier in the proceedings: (e) they failed to validate the percolation test information provided on the site plan; (f) they failed to take the percolation test in the proper place or area; (g) they failed to follow the proper protocol in completing the site plan in violation of § 19-13-B103e of the Regulations of Connecticut State Agencies; (h) they designed the septic tank system in a faulty manner; (i) they failed to allow an adequate time for the presoak portion of the percolation test in violation of the Public Health Code Regulation, Technical Standards Chapter VII; and (j) they failed to meet the proper conditions of the percolation test in violation of the Public Health Code Regulations, Technical Standards Chapter VII.

The four specifications of negligence in the original complaint refer expressly to the claim of negligent performance of the percolation tests. Of the six specifications added by the amendment, four, (e), (f), (i) and (j), also refer expressly to that claim. Even without an amendment, evidence to prove the facts alleged in those four specifications would have been admissible under the allegations of negligence in performing the percolation tests as alleged in the original complaint. "The modern trend is to read pleadings broadly and realistically, rather than narrowly and technically." *DeMartin* v. *Yale-New Haven Hospital*, 4 Conn. App. 387, 390, 494 A.2d 1222, cert. denied, 197 Conn. 813, 499 A.2d 62

(1985); see *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 587–88, 542 A.2d 1124 (1988).

The remaining two specifications, (g) and (h), refer respectively to failure to follow the proper protocol in completing the site plan in violation of a state regulation and to faulty design of the septic tank system. Paragraphs eight, nine and ten of the original complaint allege that the defendant Sharpe provided a site plan to the plaintiff's grantor representing that he had performed deep-pit tests and percolation rate tests that indicated a satisfactory percolation rate, and that the plaintiff had relied on those representations in purchasing the property. It appears that the faulty percolation tests were the basis for the claim that the site plan and the design of the septic tank system were faulty, as alleged in (g) and (h). Paragraph 6a of the interrogatories submitted to the jury joined performance of soil testing and site plan work in inquiring whether the defendants had breached the applicable standard of care, and provided for a single answer, "yes" or "no." The defendants never objected to that form of the interrogatory, which the jury answered affirmatively.

The trial court allowed the amendment, relying on the principle that when the original complaint fairly apprises the defendant of the nature of the plaintiff's claim, additional specifications in support of that claim are permissible. "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same." (Internal quotation marks omitted.) *Bielaska* v. *Waterford*, 196 Conn. 151, 154, 491 A.2d 1071 (1985); *Giglio* v. *Connecticut Light & Power Co.*, 180 Conn. 230, 239, 429 A.2d 486 (1980). As requested by the defendants, the court granted a continuance, requiring suspension of the trial for one day, to permit the defendants to depose the plaintiff's expert

witness with respect to the specifications of negligence added by the amendment.

"A trial court has wide discretion in granting or denying amendments to the pleadings and rarely will this court overturn the decision of the trial court." *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 67, 485 A.2d 1296 (1985). "In exercising its discretion with reference to a motion for leave to amend, a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court on the subject matter of the proposed amendment, or to his adversary by granting the motion, with the resultant delay." *DuBose* v. *Carabetta*, 161 Conn. 254, 263, 287 A.2d 357 (1971). We conclude that the defendants were not unfairly prejudiced by allowing the additional specifications of negligence and that the trial court did not abuse its discretion in allowing the amendment.

With respect to the negligence count, the judgment is affirmed; with respect to the breach of contract count, the judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.