[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Anthony P. Perrelli and Ramona C. Perrelli (plaintiffs), are the owners of residential property at Strathmore Farms, a common interest community. The defendant Strathmore Farms Association, Inc. (Strathmore) is the association of owners of the Strathmore Farms units, and the defendant Great American Insurance Company (Great American) is its insurance provider.
The plaintiffs have filed a seven count complaint against the defendants. Only counts six and seven, directed at Great American, are at issue here. In count six, the plaintiffs allege a violation of the Connecticut Unfair Insurance Practices Act (CUIPA); General Statutes § 38a-815.[1] Specifically, the plaintiffs allege that Great American issued an insurance policy to the Strathmore association for individual units, in violation of Strathmore's declaration, which requires that individual owners carry their own insurance on their units. The plaintiff's also allege that Great American issued the insurance policy based on an "altered [declaration] document" and that Great American was given notice of its reliance upon the altered document, but failed to make corrections to the coverage. In count seven, the plaintiffs allege that Great American breached its insurance contract.
Great American has filed a motion to strike counts six and seven. "The purpose of a motion to strike is to contest . . . the CT Page 3500 legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998) "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996).
 I
Great American moves to strike count six on the ground that it "fails to state a claim (1) because CUIPA does not provide for a private right of action; (2) because CUIPA does not provide a cause of action to non parties to a contract, such as the plaintiffs or to third party beneficiaries; and (3) because CUIPA does not prohibit the action about which the plaintiffs complain."
The plaintiffs argue that they are entitled to a private right of action. They cite Griswold v. Union Labor Life Ins. Co.,186 Conn. 507, 520-21, 442 A.2d 920 (1982) for the proposition that an insured may bring a private action under CUIPA without first exhausting the insured's administrative remedies where the insured has no practical or adequate administrative remedies.[2] The plaintiffs also argue that CUIPA prohibits the conduct about which they complain. In support, the plaintiffs assert that General Statutes § 38a-816 (8)[3] prohibits "misrepresentations in insurance applications" and General Statutes § 38a-827[4] prohibits fictitious groupings for the sale of insurance.
While neither the Connecticut Supreme Court nor the Appellate Court has addressed the precise question of whether CUIPA provides a private cause of action, this court reads Mead v.Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986), as persuasive authority militating against finding such a cause of action. The precise question before the court in Mead v. Burns, supra,199 Conn. 661, was whether the scope of liability under CUTPA extends to the insurance industry, an industry which is regulated by CUIPA. While the court in Mead held that it was "possible to state a [private] cause of action under CUTPA for a violation of CUIPA"; id., 663; it did not decide the question of whether CUIPA provides for a private right of action. See George v. Ericson,250 Conn. 312, 319, 736 A.2d 889 (1999) (recognizing that CT Page 3501 generally a court decides only those issues that the case before it requires); Griswold v. Union Labor Life Ins. Co., supra,186 Conn. 521 n. 12 (implicitly finding a private right of action under CUTPA to enforce violations of CUIPA, but reserving the question of whether CUIPA authorizes such a private right). In addition, this court has previously held that CUIPA alone does not provide for a private right of action. Stabile v. SouthernConnecticut Hospital Systems, Inc., Superior Court, judicial district of Fairfield, Docket No. 326120 (October 31, 1996) (18 Conn. L. Rptr. 157, 163).
Because the plaintiffs cannot state a private right of action for violation of CUIPA alone, count six is legally insufficient. Great American's motion to strike count six is granted.
 II
Great American also moves to strike count seven on the ground that it "must be dismissed for failure to state a claim" because "the plaintiffs lack standing to sue" Great American for breach of a contract to which the plaintiffs were not parties. In count seven, the plaintiffs allege that Great American breached its insurance contract with Strathmore by tendering a defense to Strathmore in the instant action.[5] The plaintiffs allege that Great American's defense of Strathmore has placed them at a disadvantage as to payment of legal costs and resolution of this law suit.
The plaintiffs counter by citing out-of-state cases granting a third party beneficiary to a contract the right to sue for breach of said contract. In addition, at oral argument, the plaintiffs claimed standing as third party beneficiaries of the insurance contract and vindicators of the Common Interest Ownership Act (CIOA); General Statutes § 47-200 et seq.[6]
As a threshold matter, this court notes that despite Great American's somewhat confused argument in support of its motion to strike. — that the plaintiffs "lack . . . standing" and therefore "count seven must be dismissed" — the issue presented by the motion to strike is whether the plaintiffs have pleaded a cause of action for breach of contractual duty owed to them as third party beneficiaries to the contract.
Count seven is legally insufficient because the plaintiffs have failed to allege in their complaint that they were either parties CT Page 3502 or third party beneficiaries to the insurance contract between Great American and Strathmore. "[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." (Emphasis added.) Grigerik v.Sharpe, 247 Conn. 293, 315, 721 A.2d 526 (1998), on remand,56 Conn. App. 314, A.2d (2000). The plaintiffs have thus failed to state a legally sufficient cause of action for breach of a contractual duty owed to them as third party beneficiaries to the contract.
In conclusion, Great American's motion to strike counts six and seven is granted.
BY THE COURT
Bruce L. Levin
Judge of the Superior Court