[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant's motion to open the acknowledgment of paternity in this matter was denied by memorandum of decision dated January 21, 2001.Morales v. Rios, 15 S.M.D. ___, 2001 Ct. Sup. 1380 (2001). In the memorandum of decision the court ordered the defendant to pay costs "including the fee of the guardian ad litem." The defendant, by his counsel, filed a request to reargue limited to the order to pay the fee of the guardian ad litem.
The defendant contends that it is beyond the authority of a Family Support Magistrate to assess costs and fees against the defendant. As authority, he cites General Statutes § 46b-212y(b). This section is inapposite to the present case. It relates to interstate support cases under the Uniform Interstate Family Support Act. The present case is not an interstate case but a matter commenced in the regular business of the Superior Court. In any event, the section cited, if applicable, would seem to support the authority of the court to order such fees.
In oral argument, the defendant cited the case Maguire v. Maguire,222 Conn. 32 (1992). In that matter the Supreme Court reversed the award of substantial counsel fees to the plaintiff on grounds that the trial court failed to make a finding that such an award was necessary in order to avoid undermining its other financial awards. The circumstances differ significantly from the instant case. First, the fees in question here are not the attorney's fees of the opposing party, they are guardian's fees for the minor child. Secondly, the fees pertain in the main to an elective motion filed by the defendant. CT Page 9763
Contrary to the defendant's argument, there is ample basis for this court to order the defendant to pay the guardian's fee. A Family Support Magistrate has explicit authority to appoint a guardian ad litem for any minor. General Statutes § 45a-132(a)[1] . The appointment is within the discretion of the court. General Statutes § 45a-132(b). The guardian's fees "shall be paid as a part of the expenses of administration." General Statutes § 45a-132(g)[2] . It may be noted that the statute appears in the probate title rather than the family law title of the statutes, hence the referral to payment as part of the "expenses of administration." This court finds that the analog in family court is costs. The Practice Book section regarding guardian ad litem appointments provides that the judicial authority may order compensation for services. Practice Book § 25-62[3] . While neither section specifically states "the court may order the defendant to pay" it is clear that the court is left the discretion to allocate the guardian's fee.
It is undeniable that courts have in fact exercised this discretion.Fulton v. Fulton, 2000 Ct. Sup. 14726, Superior Court, Judicial District of Ansonia-Milford, Doc. No. FA 98 0063031 (Nov. 29, 2000, Munroe, J.) (guardian ad litem fees ordered paid by both parties); Samuels v.Samuels, 1999 Ct. Sup. 10958, Superior Court, Judicial District of New Haven at New Haven, Doc. No. FA98-0414531 (Aug. 13, 1999, Axelrod, J.) (parties ordered to each pay half of substantial guardian ad litem fee);Jezierny v. Jezierny, 1998 Ct. Sup. 15013, Superior Court, Judicial District of Ansonia/Milford at Milford, Doc. No. FA97 05 81 50 (Dec. 23, 1998, Coppeto, J.) (same); Moore v. Moore, 1997 Ct. Sup. 1187, Superior Court Judicial District of Ansonia/Milford at Milford, Doc. No. FA94 0048327S (Feb. 3, 1997, Coppeto, J.) (same); Tremaine v. Tremaine,1991 Ct. Sup. 6226, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Doc. No. FA86 0083193 S (Jul. 17, 1991, Coppeto, J.) (The fee of the guardian ad litem shall be paid 2/3's by the defendant, 1/6 by the plaintiff and 1/6 from the trust funds of the minor child.); Henin v.Henin, 1990 Ct. Sup. 543, Superior Court, Judicial District of Hartford/New Britain at Hartford, Doc. No. 332050 (Jul. 27, 1990,Barall, J.) (plaintiff father ordered to pay entire fee of counsel for minor child).
In the present case, a guardian ad litem was appointed for the minor child in order to protect her independent interest. Although the guardian participated in some minor activity in the initial hearing, such as obtaining the certified copy of the acknowledgment, the bulk of his work related to the defendant's motion to open. The guardian ad litem actively participated in the hearing and strongly opposed opening the judgment.
A review of the financial affidavits of the parties makes it clear that the defendant has the greater ability to pay the guardian's fees. The CT Page 9764 court finds that to require a contribution by the plaintiff mother would undermine the support orders and other financial orders of the court. In view of the financial ability of the defendant, the court does not find it appropriate to require the taxpayers of the State to pay the costs incurred by the guardian.
"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." Jaser v. Jaser, 37 Conn. App. 194, 202,655 A.2d 790 (1995) (Internal quotation marks and citation omitted);Milano v. Beedle, 14 S.M.D. 294, 300 (2000). The court has examined the issue raised by the defendant and finds the authority supporting its initial decision stronger than that cited by the defendant as reasons to change it. Certainly, the "`strong reasons' on which granting reargument should be predicated are here absent." Hayle v. Kentucky Fried Chicken,Corp., 1999 Ct. Sup. 5777, superior court, judicial district of New Britain, doc. no. CV96-0474970 (Gaffney, J. May 19, 1999); Ryan v.Fairchild Finance Corp. 14 Conn. L. Rptr. 74 (1995).
Accordingly, the motion for reargument is denied.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate