[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The plaintiff has filed a document entitled "Plaintiff's Motion For Articulation" wherein it seeks "the legal basis, factual basis and logic" behind the court's ruling on July 13, 2001 granting the defendants' motion to amend their answer by adding a special defense. Although the plaintiff's filing is labeled as a motion, no proposed Order is appended to it. The court is treating the document as a request for articulation.
The plaintiff obtained a judgment on November 29, 1999, against each of the defendants in the Superior Court of California, County of San Diego. The amount of the judgment was $218,847.80 plus interest. The judgment entered by default in California because of the defendants' failure to CT Page 11594 appear and defend in California. The plaintiff brought the present action in Connecticut, where the defendants are located, in a single count seeking to enforce the foreign judgment. The matter was set down for trial to the court on July 13, 2001 in New Britain.
On the morning of July 13, 2001, the defendants arrived at the courthouse with a motion to dismiss and supporting memorandum of law. The gravamen of the motion to dismiss was that the California judgment was unenforceable in Connecticut because it was obtained by default. See General Statutes § 52-605(a). The plaintiff arrived at the courthouse on the morning of July 13, 2001 with a memorandum of law in support of the plaintiff's objection to the motion to dismiss. The gravamen of the objection was that the defendants' claim of no personal jurisdiction could only be raised by a special defense and not by a motion to dismiss. The court (Graham, J.) ruled in favor of the plaintiff on the motion to dismiss. The defendants made known their intention to seek an amendment to the pleadings to add a special defense. The matter of whether or not to allow such a last-minute amendment to the pleadings was referred to the trial judge.
The trial judge was made aware of the pending issue and did some review of case law before the lunch hour on July 13, 2001. Specifically, this court read the headnotes of several cases and the relevant texts of three cases. Those three cases were Grigerik v. Sharpe, 56 Conn. App. 314,742 A.2d 434 (2000); Rahmati v. Mehri, 188 Conn. 583, 452 A.2d 638
(1982); and Ideal Financing Association v. LaBonte, 120 Conn. 190,180 A. 300 (1935). Through the clerk, the attorneys for each party were alerted that the court wished both counsel to be prepared to argue the issues when court convened in the afternoon with particular attention toIdeal Financing Association as precedent. The court then went to lunch, leaving the hapless attorneys to their midday researches. The defendants entered the courtroom in the afternoon with a memorandum in support of their motion to amend the pleadings citing, not surprisingly, the case ofIdeal Financing Association v. LaBonte, 120 Conn. 190, 195-196, 180 A. 300,302 (1935).
"In exercising its discretion with reference to a motion for leave to amend, a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court on the subject matter of the proposed amendment, or to his adversary by granting the motion, with the resultant delay." Grigerik v. Sharpe, 56 Conn. App. 314, 320, 742 A.2d 434 (2000);Cook v. Lawlor, 139 Conn. 68, 72, 90 A.2d 164 (1952). "Whether or not to permit an amendment to the pleadings in a case rests in the sound discretion of the court. . . ." State Ex Rel. Scala v. AirportCommission, 154 Conn. 168, 178, 224 A.2d 236 (1966). This court believed CT Page 11595 that the circumstances as presented here presented a greater injustice to the defendants if they were not permitted to plead the lack of personal jurisdiction in the underlying California judgment as a special defense. This greater injustice outweighed the resultant detriment to the plaintiff in the delay of the trial.
The court recognized that the plaintiff was not only inconvenienced by the delay in commencing the trial, but also surprised by the late raising of the jurisdiction question. Accordingly, the court made the following additional allowances and orders on July 13, 2001:
1. The plaintiff was allowed thirty days to file a substitute complaint, including the addition of further counts. The court required that pleadings proceed thereafter on a strict 15-day schedule. (The court notes that the filing of a substitute complaint has allowed the plaintiff to plead a setoff of $11,500, which had previously been overlooked in the complaint.)
2. The plaintiff shall be permitted to submit evidence at trial of the hotel and travel bills, not food costs or lost work time, for its witness from California, Ms. Richardson, for her July 13, 2001 trip to court. These costs shall be paid by the defendants to the plaintiff if and only if Ms. Richardson returns to Connecticut for the next trial date. The decision will rest solely with the plaintiff as to whether or not Ms. Richardson's return to Connecticut is necessary. The defendants shall pay these costs whether or not the plaintiff prevails in the Connecticut action.
Winslow, J.